# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. O'Laughlin*, 2012 IL App (4th) 110018

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT E.D. O'LAUGHLIN, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-11-0018 |
| Filed | November 29, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions for aggravated driving under the influence of alcohol, driving while his license was revoked or suspended, and aggravated fleeing or attempting to elude a police officer were affirmed, but fines improperly imposed were vacated and the cause was remanded for the imposition of the appropriate fines and the application of the presentence custody credit. |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 10-CF-911; the Hon. Lisa Holder White, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part; cause remanded with directions. |

Counsel on Appeal

Michael J. Pelletier, Karen Munoz, and Molly A. Corrigan, all of State Appellate Defender's Office, of Springfield, for appellant.

Jack Ahola, State's Attorney, of Decatur (Patrick Delfino, Robert J. Biderman, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE POPE delivered the judgment of the court, with opinion.

Justices Steigmann and Cook concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, Robert E.D. O'Laughlin, argues the Macon County circuit clerk improperly imposed various fines against him as a result of his convictions for aggravated driving under the influence of alcohol, driving while license revoked or suspended, and aggravated fleeing or attempting to elude an officer. The State concedes the circuit clerk erred in imposing certain fines. However, the State asks this court to remand the case to the trial court for it to impose certain mandatory fines. We affirm defendant's conviction, vacate the fines improperly imposed by the circuit clerk, and remand this case with directions for the trial court to impose certain fines as directed and others if deemed appropriate.

¶ 2                          I. BACKGROUND

¶ 3    Because defendant makes no argument with regard to his convictions, we need not address the facts leading to his arrest. In June 2010, the State charged defendant with aggravated driving under the influence of alcohol (625 ILCS 5/11-501(d)(1)(A) (West 2010)) with four prior driving under the influence convictions (count I), driving while license revoked or suspended with nine prior convictions for driving while license revoked or suspended (625 ILCS 5/6-303(d-4) (West 2010)) (count II), aggravated driving under the influence of alcohol (625 ILCS 5/11-501(d)(1)(G) (West 2010)) (count III), and aggravated fleeing or attempting to elude an officer (625 ILCS 5/11-204.1(a)(4) (West 2010)) (count IV).

¶ 4    On September 30, 2010, a jury found defendant guilty of aggravated driving under the influence of alcohol, driving while license revoked or suspended, and aggravated fleeing or attempting to elude an officer. In November 2010, the trial court sentenced defendant to the following concurrent terms of imprisonment: (1) 10 years for aggravated driving under the influence of alcohol; (2) 5 years for driving while license revoked or suspended; and (3) 3 years for aggravated fleeing or attempting to elude a police officer. In sentencing defendant,

-2-

the court stated: "There is a $1,000 Alcohol Enforcement Fund Fee, $100 Trauma Fund Fee, $5 Spinal Cord Research Fund Fee. [Defendant] is to pay the costs." The court ordered defendant be given credit for time served between June 12, 2010, and November 14, 2010. In November 2010, defendant's attorney filed a motion to reduce his sentence, which the trial court denied.

¶ 5        Sometime after sentencing, the circuit clerk imposed additional fines and fees on defendant. A supplement to the record on appeal lists the following fines and fees assessed against defendant: (1) "Clerk"–$115; (2) "Clerk Op Add-Ons"–$6.25; (3) "Automation"–$15; (4) "Document Storage"–$15; (5) "State Police Ops"–$15; (6) "State's Atty"–$30; (7) "Court"–$50; (8) "Judicial Security"–$15; (9) "Youth Diversion"–$5; (10) "Child Advocacy Fee"–$14.25; (11) "Sheriff"–$120; (12) "Medical Costs"–$10; (13) "Nonstandard"–$9.50; (14) "Violent Crime"–$100; (15) "Anti-Crime Fund"–$10; (16) "Trauma Center"–$100; (17) "DUI Equipment"–$1,000; (18) "Spinal Cord Trust"–$5; (19) "Fire Prevention"–$15; (20) "Lump Sum Surcharge"–$250; and (21) "Firetruck Ln Fund"–$15. According to the circuit clerk, defendant's fines and fees totaled $1,915. While this printout of fines and fees clearly reflected the $100 "Trauma Fund Fee" and $5 "Spinal Cord Research Fund Fee" imposed by the trial court, the record did not clearly reflect whether the $1,000 "Alcohol Enforcement Fund Fee" imposed by the court was included in the circuit clerk's computerized printout.

¶ 6        This appeal followed.

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, defendant does not challenge his convictions but only argues the circuit clerk erred in imposing certain fines and the trial court erred by not awarding him $780 in presentence custody credit. The State concedes the circuit clerk did not have authority to impose certain fines. *People v. Swank*, 344 Ill. App. 3d 738, 747-48, 800 N.E.2d 864, 871 (2003) (imposing a *fine* is a judicial act). However, the State argues these fines were applicable and mandatory and should be imposed by the trial court on remand. See *People v. Shaw*, 386 Ill. App. 3d 704, 711, 898 N.E.2d 755, 762-63 (2008). Defendant challenges neither the applicability or mandatory nature of the fines nor the additional fines raised by the State.

¶ 9        In their initial briefs to this court, the parties failed to present the issues in a way that would permit us to provide guidance to the trial court on remand. As a result, this court ordered both defendant and the State to provide us with additional information, including the following: (1) the statutory authority for each fine and/or fee listed on the circuit clerk's computer printout; (2) any fines and/or fees (with statutory authority) imposed by the trial court not reflected on the circuit clerk's computer printout; (3) an argument on or concession of the applicability and mandatory nature of the fines and/or fees at issue in the appeal; and (4) a proposed calculation showing the total dollar amount of fines to be imposed on defendant on remand by the trial court.

¶ 10       In response, the office of the State Appellate Defender (OSAD) and the State's Attorneys Appellate Prosecutor (SAAP) provided the statutory authority for the fines and fees reflected

on the circuit clerk's computer printout, as follows: (1) "Clerk"–705 ILCS 105/27.1a(w)(1)(A), (F) (West 2010); (2) "Clerk Op Add-Ons" (included within the "Serious Traffic Violation Fee")–625 ILCS 5/16-104d (West 2010); (3) "Automation"–705 ILCS 105/27.3a(1) (West 2010); (4) "Document Storage"–705 ILCS 105-27.3c(a) (West 2010); (5) "State Police Ops"–705 ILCS 105/27.3a(1.5), (5) (West 2010); (6) "State's Atty"–55 ILCS 5/4-2002(a) (West 2010); (7) "Court"–55 ILCS 5/5-1101(c) (West 2010); (8) "Judicial Security"–55 ILCS 5/5-1103 (West 2010); (9) "Youth Diversion"–55 ILCS 5/5-1101(e) (West 2010); (10) "Child Advocacy Fee"–55 ILCS 5/5-1101(f-5) (West 2010); (11) "Sheriff"–55 ILCS 5/4-5001 (West 2010); (12) "Medical Costs"–730 ILCS 125/17 (West 2010); (13) "Nonstandard" (a/k/a "Mental Health Court Fee")–55 ILCS 5/5-1101(d-5) (West 2010); (14) "Violent Crime"–725 ILCS 240/10(b) (West 2010); (15) "Anti-Crime Fund"–730 ILCS 5/5-6-3(b)(12), (13), 5-6-3.1(c)(12), (13) (West 2010); (16) "Trauma Center"–730 ILCS 5/5-9-1(c-5) (West 2010); (17) "DUI Equipment"–625 ILCS 5/11-501.01(f) (West 2010); (18) "Spinal Cord Trust"–730 ILCS 5/5-9-1(c-7) (West 2010); (19) "Fire Prevention" (included within the "Serious Traffic Violation Fee")–625 ILCS 5/16-104d (West 2010); (20) "Lump Sum Surcharge" (a/k/a "Criminal Traffic Surcharge Penalty")–730 ILCS 5/5-9-1(c) (West 2010); and (21) "Firetruck Ln Fund" (included within the "Serious Traffic Violation Fee")–625 ILCS 5/16-104d (West 2010).

¶ 11 The parties agree the fines imposed by the trial court are reflected on the circuit clerk's computer printout. The State notes it could not locate any authority for what the trial court called the "Alcohol Enforcement Fund Fee." However, the State notes the $1,000 assessment imposed by the trial court is what the circuit clerk's computerized printout referred to as the "DUI Equipment" fine, which was authorized under section 11-501.01(f) of the Illinois Vehicle Code (625 ILCS 5/11-501.01(f) (West 2010)).

¶ 12 As for the applicability and mandatory nature of the other fines the State argues the trial court needs to impose on remand, the parties agree the following fines are applicable and mandatory in nature and should be imposed by the trial court on remand: (1) the $5 "Youth Diversion" fine (55 ILCS 5/5-1101(e) (West 2010)); (2) the "Violent Crime" fine (725 ILCS 240/10(b) (West 2010)); (3) the "Lump Sum Surcharge" fine (730 ILCS 5/5-9-1(c) (West 2010)); (4) the $35 "Serious Traffic Violation" fine (625 ILCS 5/16-104d (West 2010)) (the circuit court's computerized printout showed this fine split as follows: $15 for "Fire Prevention" Fund, $15 for "Firetruck Ln Fund," and $5 for the "Clerk Op Add-Ons" Fund); (5) the $100 "Trauma Center" fund fine (730 ILCS 5/5-9-1(c-5) (West 2010)); (6) the $5 "Spinal Cord Trust" fine (730 ILCS 5/5-9-1(c-7) (West 2010)); (7) the $1,000 "DUI Equipment" fine (625 ILCS 5/11-501.01(f) (West 2010)), and (8) the $10 "Medical Costs" fine (730 ILCS 125/17 (West 2010)). These fines were all reflected on the circuit clerk's computer printout. The parties disagree over the amount of the "Violent Crime" fine and "Lump Sum Surcharge" fine.

¶ 13 Defendant concedes the $15 "State Police Ops" fine (705 ILCS 105/27.3a(1.5), (5) (West 2010)) is mandatory and applicable if enacted by county board ordinance. Defendant's appellate counsel could not confirm the Macon County board enacted an ordinance with regard to this fine. However, county board approval of this specific fine was not necessary because the county board approved the "Automation" fee (705 ILCS 105/27.3a(1) (West

2010)). As a result, this fine is applicable and mandatory and should be imposed on remand.

¶ 14 The parties also agree on the applicability and mandatory nature of the "Driver's Education Fund" fine (625 ILCS 5/16-104a(a) (West 2010)). However, this fine was not included on the circuit clerk's computer printout. The parties dispute how this fine should be calculated. The parties also dispute how the "Lump Sum Surcharge" fine (730 ILCS 5/5-9-1(c) (West 2010)), which was included on the circuit clerk's computer printout, should be calculated on remand. We address the calculation of both of these fines later in this opinion.

¶ 15 The State also argues for the first time in its response to this court's order for additional information that two additional fines not listed on the circuit clerk's computer printout of fines and fees are also applicable to defendant in this case. Pursuant to section 5-9-1.17 of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5-9-1.17 (West 2010)), the State argues a mandatory and applicable $30 "Juvenile Records Fund Expungement" fine is to be imposed on defendant. Further, pursuant to section 5-9-1.18 of the Corrections Code (730 ILCS 5/5-9-1.18 (West 2010)), the State argues a $50 "Roadside Memorial Fund" fine is to be imposed on defendant. Defendant did not have the opportunity to concede or dispute the mandatory nature and applicability of these two fines. As a result, on remand, the trial court should hear arguments on the mandatory nature and applicability of these two fines. In addition, while the parties agreed a $35 "Serious Traffic Violation Additional" fine (625 ILCS 5/16-104d (West 2010)) is applicable in this case, we note this fine was only $20 prior to September 20, 2010. The offenses at issue in this case were committed prior to September 20, 2010. On remand, the trial court should determine whether the fine should be $20 or $35.

¶ 16 The State concedes the "Child Advocacy Fee" fine (55 ILCS 5/5-1101(f-5) (West 2010)) and the "Nonstandard" (mental health court) fine (55 ILCS 5/5-1101(d-5) (West 2010)), which were imposed by the circuit clerk, are not applicable in this case because both of these fines were authorized by resolution after the offense at issue in this case was committed (see *People v. Maxwell*, 2011 IL App (4th) 100434, ¶ 105, 961 N.E.2d 964). Further, the State concedes the $10 "Anti-Crime Fund" fine (730 ILCS 5/5-6-3(b)(12), (13), 5-6-3.1(c)(12), (13) (West 2010)), which was also imposed by the circuit clerk, is not applicable in this case and should be vacated because defendant was sentenced to prison and not to probation. No statutory authority exists for its imposition in this case. We accept the State's concession.

¶ 17 We next must determine how the trial court should calculate the "Driver's Education Fund" fine (625 ILCS 5/16-104a(a) (West 2010)) and the "Lump Sum Surcharge" fine (730 ILCS 5/5-9-1(c) (West 2010)). The State argues these two fines should be calculated on every individual fine imposed with the exception of the Violent Crime Victims Assistance Act (VCVA) fine (725 ILCS 240/10(b) (West 2010)), referred to on the circuit clerk's computerized printout as "Violent Crime." For example, according to the State's brief, the trial court should impose a $4 and $10 surcharge for the "Driver's Education Fund" fine and the "Lump Sum Surcharge" fine, respectively, based on the $5 "Youth Diversion" fine and a $4 and $10 surcharge for the "Driver's Education Fund" fine and the "Lump Sum Surcharge" fine, respectively, based on the $10 "Medical Costs" fine. Defendant argues the "Driver's Education Fund" fine and the "Lump Sum Surcharge" fine should be calculated on the gross amount of the sum of all the fines, not on each individual fine.

¶ 18    How the "Driver's Education Fund" fine (625 ILCS 5/16-104a(a) (West 2010)) and the "Lump Sum Surcharge" fine (730 ILCS 5/5-9-1(c) (West 2010)) should be calculated presents a question of statutory interpretation. With regard to questions of statutory interpretation, our supreme court has stated:

> "Our primary objective is to ascertain and give effect to legislative intent, the surest and most reliable indicator of which is the statutory language itself, given its plain and ordinary meaning. [Citation.] In determining the plain meaning of statutory terms, we consider the statute in its entirety, keeping in mind the subject it addresses and the apparent intent of the legislature in enacting it. [Citation.] Where the language of the statute is clear and unambiguous, we must apply it as written, without resort to extrinsic aids to statutory construction. [Citation.]
>
>     If the language is ambiguous, making construction of the language necessary, we construe the statute so that no part of it is rendered meaningless or superfluous. [Citation.] We do not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with the expressed intent." *People v. Perry*, 224 Ill. 2d 312, 323-24, 864 N.E.2d 196, 204 (2007).

¶ 19    The State's argument with regard to the meaning of section 16-104a(a) ("Driver's Education Fund") is based on the following sentence of that subsection, which states:

> "There is added to every fine imposed upon conviction of an offense reportable to the Secretary of State under the provisions of subdivision (a)(2) of Section 6-204 of this Act an additional penalty of $4 for each $40, or fraction thereof, of fine imposed." 625 ILCS 5/16-104a(a) (West 2010).

The portion of section 5-9-1(c) ("Lump Sum Surcharge") relied on the by State reads:

> "There shall be added to every fine imposed in sentencing for a criminal or traffic offense, except an offense relating to parking or registration, or offense by a pedestrian, an additional penalty of $10 for each $40, or fraction thereof, of fine imposed." 730 ILCS 5/5-9-1(c) (West 2010).

¶ 20    Defendant argues the General Assembly did not intend for the "Driver's Education Fund" fine and the "Lump Sum Surcharge" fine to be assessed on each individual fine when a trial court imposes multiple fines on a defendant. Instead, defendant contends "the more logical interpretation of the word 'every' is simply a qualifier for all those cases where a fine is imposed." According to defendant, courts have traditionally interpreted the statutes at issue to require the addition of all fines, followed by the division of the sum by 40, which would provide the multiplier for the calculation. Defendant cites *People v. Curtis*, 407 Ill. App. 3d 1042, 944 N.E.2d 806 (2011), as support for this position.

¶ 21    In *Curtis*, the defendant argued the trial court erred in calculating her fines. *Curtis*, 407 Ill. App. 3d at 1043, 944 N.E.2d at 808. The defendant argued her assessed criminal/traffic surcharge and victim's-fund assessment should have only been $10 and $4, respectively, because her other fines totaled only $34. *Curtis*, 407 Ill. App. 3d at 1051, 944 N.E.2d at 815. The record reflected the defendant was assessed a $34 circuit clerk fine, a $10 mental-health-court fee, and a $10 child-advocacy fee. *Curtis*, 407 Ill. App. 3d at 1052, 944 N.E.2d at 815. The court noted "[t]he latter two assessments, however, are also considered fines, giving

defendant a total of $54 in other fines." *Id.* The appellate court found that "pursuant to section 10(b) of the Violent Crimes Victims Assistance Act (725 ILCS 240/10(b) (West 2008)) and section 5-9-1(c) of the Unified Code of Corrections (730 ILCS 5/5-9-1(c) (West 2008)), defendant was to be assessed $8 for a victim's-fund assessment and $20 for a criminal/traffic surcharge." *Curtis*, 407 Ill. App. 3d at 1052, 944 N.E.2d at 816. Contrary to how the State argues the "Lump Sum Surcharge" fine (730 ILCS 5/5-9-1(c) (West 2010)) should be calculated, the appellate court affirmed the trial court's assessment of $20 for defendant's "Lump Sum Surcharge" fine, which was based on the total amount of the fines assessed and not the amount of each individual fine. *Curtis*, 407 Ill. App. 3d at 1052, 944 N.E.2d at 816. Granted, the appellate court in *Curtis* did not focus on the "every fine" language upon which the State relies.

¶ 22    We first note the two sentences relied on by the State are not clearly written. The plain language of each sentence– when read in isolation from the remainder of the two respective statutes– could support both the State's interpretation and defendant's interpretation of those sentences. However, we do not read individual sentences of statutes in isolation. When these two statutes are read as a whole, we conclude the General Assembly intended only one penalty pursuant to section 16-104a(a) and one penalty pursuant to section 5-9-1(c) calculated on the total sum of defendant's other applicable fines.

¶ 23    Another portion of section 16-104a(a) of the Illinois Vehicle Code states: "Except as otherwise provided by Supreme Court Rules, if a court in sentencing an offender levies a gross amount for fine, costs, fees and penalties, the amount of the additional penalty provided for herein shall be computed on the amount remaining after deducting from the gross amount levied all fees of the Circuit Clerk, the State's Attorney and the Sheriff." 625 ILCS 5/16-104a(a) (West 2010). Section 5-9-1(c) of the Corrections Code also states in part: "Except as otherwise provided by Supreme Court Rules, if a court in imposing a fine against an offender levies a gross amount for fine, costs, fees and penalties, the amount of the additional penalty provided for herein shall be computed on the amount remaining after deducting from the gross amount levied all fees of the Circuit Clerk, the State's Attorney and the Sheriff." 730 ILCS 5/5-9-1(c) (West 2010).

¶ 24    The General Assembly did not intend for a defendant's fine to be different whether the trial court itemized a defendant's fines or levied them in gross. On remand, the trial court should calculate these two fines based on the gross amount of applicable fines. After the trial court determines the appropriate "Driver's Education Fund" fine and the "Lump Sum Surcharge" fine, the court will then need to calculate and impose the VCVA fine (725 ILCS 240/10(b) (West 2010)).

¶ 25    The parties did not argue the circuit clerk erred in imposing the following charges: (1) $115 "Clerk" fee (705 ILCS 105/27.1a(w)(1)(A), (F) (West 2010)); (2) $15 "Automation" fee (705 ILCS 105/27.3a(1) (West 2010)); (3) $15 "Document Storage" fee (705 ILCS 105/27.3c(a) (West 2010)); (4) $30 "State's Atty" fee (55 ILCS 5/4-2002(a) (West 2010)); (5) $50 "Court" fee (55 ILCS 5/5-1101(c) (West 2010)); (6) $15 "Judicial Security" fee (55 ILCS 5/5-1103 (West 2010)); and (7) $120 "Sheriff" fee (55 ILCS 5/4-5001 (West 2010)). These fees total $360 and should continue to be assessed against defendant on remand.

¶ 26    The parties also agree defendant is entitled to $780 in presentence custody credit pursuant to section 110-14(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14(a) (West 2010)). The trial court should credit this against defendant's eligible fines.

¶ 27    For the convenience of the trial court on remand, we order OSAD and SAAP to provide the trial court with their responses to this court's order of August 2, 2012.

¶ 28    In closing, we note the tremendous amount of resources expended in this case by OSAD, SAAP, this court, and soon the trial court, in trying to correctly determine and assess the myriad of fines and fees our legislature has created. We also note the very small likelihood of these fines and fees ever being paid where a defendant is sentenced to a term of imprisonment. Nevertheless, we are bound to follow these legislative mandates. We strongly recommend training for State's Attorneys, public defenders, and their assistants, so that the appropriate fines and fees can be imposed correctly in the first instance. This is an area where development and use of a reliable computer software program could clearly assist the trial court in sorting out these fines and fees.

¶ 29                                    III. CONCLUSION

¶ 30    For the reasons stated, we affirm defendant's convictions, vacate the fines improperly imposed on defendant by the circuit clerk, and remand for the trial court to calculate and impose the appropriate fines as directed and grant defendant $780 in presentence custody credit (725 ILCS 5/110-14(a) (West 2010)) against eligible fines. We order OSAD and SAAP to provide the trial court with their responses to this court's order of August 2, 2012. Because the State successfully defended a portion of the criminal judgment, we grant the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 31    Affirmed in part and vacated in part; cause remanded with directions.