# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Williams*, 2013 IL App (4th) 120313

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PARIS M. WILLIAMS, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-12-0313 |
| Filed | June 24, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The defendant's conviction for unlawful possession of a weapon by a felon was vacated pursuant to the one-act, one-crime rule, since his conviction for the greater offense of aggravated unlawful possession of a weapon was based on the same act, and the fines imposed by the trial court were affirmed, but nine mandatory fines imposed by the circuit clerk were vacated and imposed or reimposed by the appellate court and the cause was remanded for an amended sentencing judgment. |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 10-CF-952; the Hon. Lisa Holder White, Judge, presiding. |
| Judgment | Affirmed in part as modified and vacated in part; cause remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Susan M. Wilham, all of State Appellate Defender's Office, of Springfield, for appellant.

Jay Scott, State's Attorney, of Decatur (Patrick Delfino, Robert J. Biderman, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE TURNER delivered the judgment of the court, with opinion.

Presiding Justice Steigmann and Justice Knecht concurred in the judgment and opinion.

## OPINION

¶ 1     After a September 2011 bench trial, the Macon County circuit court found defendant, Paris M. Williams, guilty of armed violence, unlawful possession of a controlled substance with the intent to deliver, unlawful possession of a controlled substance, unlawful possession of a weapon by a felon, and aggravated unlawful use of a weapon. In March 2012, the court sentenced defendant to concurrent prison terms of 15 years for armed violence, 7 years for unlawful possession of a weapon by a felon, and 7 years for aggravated unlawful use of a weapon (the other two counts merged with the armed-violence count). It also ordered defendant to pay a $1,000 mandatory drug assessment, a $100 crime laboratory fee, and a $70 street-value fine.

¶ 2     Defendant appeals, asserting (1) his conviction for unlawful possession of a weapon by a felon must be vacated under the one-act, one-crime rule, and (2) the clerk of the circuit court improperly assessed additional fines against him. We affirm in part as modified, vacate in part, and remand the cause with directions.

¶ 3                              I. BACKGROUND

¶ 4     In June 2010, the State charged defendant by information with one count of armed violence (720 ILCS 5/33A-2(a) (West 2010) (text of section effective until July 1, 2011)), two counts of unlawful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(c)(2), (d) (West 2010)), one count of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2010)), one count of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2010)), one count of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1)(3)(A) (West 2008)), one count of unlawful possession of cannabis with the intent to deliver (720 ILCS 550/5(c) (West 2010)), and one count of unlawful possession of cannabis (720 ILCS 550/4(c) (West 2010)). The unlawful-

possession-of-a-weapon-by-a-felon count alleged that, on June 21, 2010, defendant, a person who had been convicted of a felony under Illinois law, knowingly possessed a handgun on or about his person. The aggravated-unlawful-use-of-a-weapon count asserted that, on June 21, 2010, defendant, who had been previously convicted of a felony, knowingly carried a handgun on or about his person at such time when he was not on his own land, in his own abode, or fixed place of business and the handgun was uncased, loaded, and immediately accessible at the time of the offense. At the State's request, the trial court later dismissed one count of unlawful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(c)(2) (West 2010)), the unlawful-possession-of-cannabis-with-the-intent-to-deliver count, and the unlawful-possession-of-cannabis count.

¶ 5     In February 2011, defendant filed a motion to suppress evidence, seeking to exclude the evidence that resulted from a warrantless search of a mailbox near where defendant was taken into custody. The trial court held a hearing on the motion and denied it in July 2011.

¶ 6     On September 1, 2011, the trial court held a bench trial on the five remaining charges. After hearing the evidence and the parties' arguments, the court found defendant guilty of all five charges. On September 29, 2011, defendant filed a motion to vacate his guilty finding or, in the alternative, a motion for a new trial, asserting the court erred by denying his motion to suppress and the State failed to sustain its burden of proof on the armed-violence charge. In November 2011, defendant, represented by a different assistant public defender, filed an amended posttrial motion, raising ineffective-assistance-of-counsel claims. After a December 20, 2011, hearing, the court denied the amended posttrial motion.

¶ 7     On March 28, 2012, the trial court held a joint hearing on defendant's original posttrial motion and sentencing. The court denied the original posttrial motion and sentenced defendant to concurrent prison terms of 15 years for armed violence, 7 years for unlawful possession of a weapon by a felon, and 7 years for aggravated unlawful use of a weapon. The court did not sentence defendant on the two counts related to possession of a controlled substance because it found those counts merged with the armed-violence count. The court also ordered defendant to pay a $1,000 mandatory drug assessment, $100 crime laboratory fee, and a $70 street-value fine. Defendant had been in custody from June 22, 2010, to March 27, 2012, and the court awarded defendant a credit of $1,170 against the aforementioned assessments under section 110-14(a) of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/110-14(a) (West 2010)).

¶ 8     On April 3, 2012, defendant filed a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. Mar. 20, 2009), and thus this court has jurisdiction under Illinois Supreme Court Rule 603 (eff. Oct. 1, 2010).

¶ 9                                    II. ANALYSIS

¶ 10                          A. One-Act, One-Crime Rule

¶ 11     Defendant first asserts his unlawful-possession-of-a-weapon-by-a-felon conviction must be vacated under the one-act, one-crime rule. The State concedes the conviction must be vacated under our supreme court's decision in *People v. Johnson*, 237 Ill. 2d 81, 96-99, 927 N.E.2d 1179, 1189-90 (2010). After reviewing the matter, we agree with the parties.

¶ 12 Our supreme court has explained review of this issue as follows:

> "The application of the one-act, one-crime rule is a question of law, which we review *de novo*. [Citation.] Under the rule, a defendant may not be convicted of multiple offenses that are based upon precisely the same single physical act. [Citations.] Thus, if a defendant is convicted of two offenses based upon the same single physical act, the conviction for the less serious offense must be vacated." *Johnson*, 237 Ill. 2d at 97, 927 N.E.2d at 1189.

¶ 13 As in *Johnson*, 237 Ill. 2d at 97-98, 927 N.E.2d at 1189-90, the unlawful-possession-of-a-weapon-by-a-felon and aggravated-unlawful-possession-of-a-weapon charges in this case are both based on the same physical act of defendant possessing the handgun on or about his person. Our supreme court has held unlawful possession of a weapon by a felon is the less serious offense. *Johnson*, 237 Ill. 2d at 99, 927 N.E.2d at 1190. Thus, under the one-act, one-crime rule, we vacate defendant's unlawful-possession-of-a-weapon-by-a-felon conviction.

¶ 14                                     B. Fines

¶ 15 Defendant also asserts the clerk of the Macon County circuit court improperly imposed fines on him. The State agrees the clerk cannot impose fines but asks for the mandatory fines to be reimposed, notes some additional mandatory fines that need to be imposed, and addresses the proper credit that needs to be imposed. Defendant did not file a reply brief and thus did not challenge the State's analysis of the fines and credit.

¶ 16 In *People v. Swank*, 344 Ill. App. 3d 738, 747-48, 800 N.E.2d 864, 871 (2003), this court explained the proper roles of judicial and nonjudicial members in imposing statutory fines as follows:

> "The imposition of a fine is a judicial act. The clerk of a court is a nonjudicial member of the court and, as such, has no power to impose sentences or levy fines. [Citation.] Instead, the circuit clerk has authority only to collect judicially imposed fines. [Citation.]" (Internal quotation marks omitted.)

While our *Swank* decision is almost a decade old, we still continue to deal with fines imposed by the clerks of the circuit courts. At this time, such actions by the clerks flagrantly run contrary to the law, and we trust this unauthorized practice will end without the necessity of this court issuing rules to show cause.

¶ 17 In this case, the trial court only imposed a $1,000 mandatory drug assessment (720 ILCS 570/411.2(a)(3) (West 2010)), a $100 crime laboratory fee (730 ILCS 5/5-9-1.4(b) (West 2010)), and a $70 street-value fine (730 ILCS 5/5-9-1.1(a) (West Supp. 2009) (text of section as amended by Public Acts 94-550 and 96-402)). On appeal, defendant does not challenge the court's imposition of those assessments. After imposing the fines and fee, the court awarded defendant a credit of $1,170 against the aforementioned assessments under section 110-14(a) of the Procedure Code. However, defendant notes the circuit court clerk's printout states he was required to pay, *inter alia*, the following assessments: (1) $1.25 "Clerk Op Add-Ons"; (2) $15 "State Police Ops"; (3) $5 "Youth Diversion"; (4) $14.25 "Child Advocacy Fee"; (5) $9.50 "Nonstandard," which the parties agree is for the mental-health court; (6) $10 "Medical Costs"; (7) $10 "Anti-Crime Fund"; (8) $30 "Lump Sum

Surcharge"; and (9) $12 "Violent Crime." Since the nine aforementioned assessments were not imposed by the trial court, we vacate them as they were improperly imposed.

¶ 18     The parties agree the following fines imposed by the clerk were mandatory in nature: (1) $5 "Youth Diversion" (55 ILCS 5/5-1101(e) (West 2010)); (2) $15 "State Police Ops" (705 ILCS 105/27.3a(1.5), (5) (West 2010)); and (3) $10 "Medical Costs" (730 ILCS 125/17 (West 2008)). However, the $15 "State Police Ops" fine did not take effect until July 13, 2010, and thus it is not applicable to defendant, who committed his offenses on June 21, 2010. "[W]hen presented with mandatory fines assessed by the clerk, we may vacate the fines and reimpose them ourselves." *People v. Schneider*, 403 Ill. App. 3d 301, 305, 933 N.E.2d 384, 389 (2010), *overruled on other grounds by People v. Gutierrez*, 2012 IL 111590, ¶ 25, 962 N.E.2d 437. Accordingly, we reimpose the $5 "Youth Diversion" fine and $10 "Medical Costs" fine. The parties also agree the "Violent Crime" fine and the "Lump Sum Surcharge" were mandatory fines, but we will address them later in our analysis as the amounts of those fines are based on other fines.

¶ 19     While defendant stated the "Clerk Op Add-On" assessment was an additional mandatory fine, the State did not request its reimposition, and thus we do not reimpose that assessment as the statutory basis for that charge is unclear. The parties did agree the following assessments should not be reimposed: (1) $14.25 "Child Advocacy Fee" (55 ILCS 5/5-1101(f-5) (West 2010)); (2) $9.50 "Nonstandard" (mental-health court) (55 ILCS 5/5-1101(d-5) (West 2010)); and (3) $10 "Anti-Crime Fund" (730 ILCS 5/5-6-3(b)(12), (13), 5-6-3.1(c)(12), (13) (West Supp. 2009)). Thus, we also do not reimpose the three aforementioned fines.

¶ 20     In its brief, the State raises four additional fines not listed on the circuit clerk's computer printout that it asserts are also applicable to defendant. The four fines are the following: (1) $100 "Trauma Center" fine (730 ILCS 5/5-9-1.1(b) (West Supp. 2009) (text of section as amended by Public Acts 94-550 and 96-402)); (2) $5 "Spinal Cord" fine (730 ILCS 5/5-9-1.1(c) (West Supp. 2009) (text of section as amended by Public Acts 94-550 and 96-402)); (3) $25 "State Police Services" fine (730 ILCS 5/5-9-1.1(d) (West Supp. 2009) (text of section as amended by Public Acts 94-550 and 96-402)); and (4) $30 "Expungement of Juvenile Records" fine (730 ILCS 5/5-9-1.17 (West Supp. 2009) (text as added by Public Act 96-707)). As stated, defendant did not file a reply brief challenging the fines' applicability and mandatory nature. After reviewing the applicable provisions, we impose the $100 "Trauma Center" fine, $5 "Spinal Cord" fine, $25 "State Police Services" fine, and $30 "Expungement of Juvenile Records" fine. See Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994) (reviewing court may make any order that should have been given or made).

¶ 21     Now, we turn to the fines that are based on the total amount of other fines. Here, defendant's fines so far total $1,245 ($1,000 mandatory drug assessment, $70 street-value fine, $5 "Youth Diversion" fine, $10 "Medical Costs" fine, $100 "Trauma Center" fine, $5 "Spinal Cord" fine, $25 "State Police Services" fine, and $30 "Expungement of Juvenile Records" fine). Our court has stated the "Lump Sum Surcharge" contained in section 5-9-1(c) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-9-1(c) (West 2010)) should be calculated before the "Violent Crime" fine imposed under the Violent Crime Victims Assistance Act (Victims Assistance Act) (725 ILCS 240/10 (West 2010)). *People*

*v. O'Laughlin*, 2012 IL App (4th) 110018, ¶ 24, 979 N.E.2d 1023. Section 5-9-1(c) of the Unified Code (730 ILCS 5/5-9-1(c) (West 2010)) addresses the amount of the "Lump Sum Surcharge" and provides as follows: "There shall be added to every fine imposed in sentencing for a criminal or traffic offense *** an additional penalty of $10 for each $40, or fraction thereof, of fine imposed." Accordingly, defendant's "Lump Sum Surcharge" is $320, and we impose the $320 fine under section 5-9-1 of the Unified Code. When the trial court has imposed other fines, section 10(b) of the Victims Assistance Act (725 ILCS 240/10(b) (West 2010)) requires the court to order an additional fine of $4 for every $40 of other fines, or fraction thereof, imposed. With the "Lump Sum Surcharge," defendant's fines total $1,565. Accordingly, defendant's fine under the Victims Assistance Act is $160, and we impose the $160 fine under the Victims Assistance Act.

¶ 22    In summary, we have vacated the following assessments imposed by the clerk of the circuit court: (1) $1.25 "Clerk Op Add-Ons"; (2) $15 "State Police Ops"; (3) $5 "Youth Diversion"; (4) $14.25 "Child Advocacy Fee"; (5) $9.50 "Nonstandard," which the parties agree is for the mental-health court; (6) $10 "Medical Costs"; (7) $10 "Anti-Crime Fund"; (8) $30 "Lump Sum Surcharge"; and (9) $12 "Violent Crime." We then reimposed or imposed the following fines: (1) $5 "Youth Diversion," (2) $10 "Medical Costs," (3) $100 "Trauma Center," (4) $5 "Spinal Cord," (5) $25 "State Police Services," (6) $30 "Expungement of Juvenile Records," (7) $320 "Lump Sum Surcharge," and (8) $160 "Violent Crime."

¶ 23    Defendant requests credit under section 110-14(a) of the Procedure Code (725 ILCS 5/110-14(a) (West 2010)) against his fines. Section 110-14(a) of the Procedure Code (725 ILCS 5/110-14(a) (West 2010)) provides, in pertinent part, as follows: "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." Defendant was incarcerated from June 22, 2010, to March 27, 2012, which is a total of 645 days. Thus, defendant has up to $3,225 in credit available against creditable fines. The trial court has already applied $1,170 of the available credit against the assessments it imposed.

¶ 24    The State first notes the trial court improperly gave defendant a $100 credit under section 110-14(a) against the $100 crime laboratory fee. Defendant does not contest this assertion, and we agree because the $100 crime laboratory assessment was a fee, not a fine. See *People v. White*, 333 Ill. App. 3d 777, 782, 776 N.E.2d 836, 840 (2002). Thus, as a result of the error, we will decrease the amount of credit awarded defendant against the fines imposed on appeal by $100. The State also asserts the "Spinal Cord," "Medical Costs," "Lump Sum Surcharge," and "Violent Crime" fines are not eligible for credit under section 110-14(a) of the Procedure Code. Defendant has not contested the State's assertion, and after reviewing the applicable provisions, we agree with the State. Thus, only the following fines are entitled to credit under section 110-14(a) of the Procedure Code: (1) $5 "Youth Diversion," (2) $100 "Trauma Center," (3) $25 "State Police Services," and (4) $30 "Expungement of Juvenile Records," all of which total $160. Accordingly, defendant is entitled to an additional $60 credit ($160-$100 error) under section 110-14(a) for a total credit of $1,230.

¶ 25    Additionally, we emphasize the tremendous amount of appellate resources expended in

this case and many others just like it to correctly determine and assess the myriad of fines and fees our legislature has created. See *O'Laughlin*, 2012 IL App (4th) 110018, ¶ 28, 979 N.E.2d 1023. We do recognize this issue is very complex as the various fines and fees are contained throughout several different codes. Thus, we have attached a reference sheet as an appendix (Appendix A) to this opinion to assist the circuit courts, State's Attorneys, public defenders, and their assistants in ensuring the statutory fines and fees in criminal cases are properly imposed.

¶ 26                          III. CONCLUSION

¶ 27      For the reasons stated, we vacate defendant's unlawful-possession-of-a-weapon-by-a-felon conviction and the nine fines imposed by the clerk of the Macon County circuit court, modify the amount of defendant's credit under section 110-14(a) of the Procedure Code, and affirm the judgment in all other respects. We also impose or reimpose nine mandatory fines in this case and remand the cause to the Macon County circuit court for an amended sentencing judgment consistent with this opinion. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 28      Affirmed in part as modified and vacated in part; cause remanded with directions.

## Appendix A

### Fines and Fees Often at Issue in Criminal Cases

(* pretrial detention credit available) (^ fine discretionary) (+ evidence required)

**ALL CRIMINAL CASES**

| | | |
|---|---|---|
| Fine (general disposition provisions) | 730 ILCS 5/5-9-1(a) | * |
| Statutory Surcharge (Lump Sum) | 730 ILCS 5/5-9-1(c) | $10 for each $40 |
| VCVA - crimes after 7/1/12(felony) | 725 ILCS 240/10(b)(1) | $100 |
| VCVA - crimes after 7/1/12 (misdemeanor) | 725 ILCS 240/10(b)(3) | $75 |
| VCVA - earlier crimes (fines imposed) | 725 ILCS 240/10(b) | $4 for each $40 |
| VCVA - earlier crimes (no other fine) | 725 ILCS 240/10(c) | $20 or $25 |
| DNA Analysis fee(if no prior DNA test) | 730 ILCS 5/5-4-3(j) | $250 (increase eff. 1/1/12) |
| Expungement of juv. records (eff. 1/1/10) | 730 ILCS 5/5-9-1.17(a) | $30* |
| Streetgang fine (defendant gang member) | 730 ILCS 5/5-9-1.19 | $100*(eff. 7/13/10) |
| Crime committed while on parole fine | 730 ILCS 5/5-9-1.20 | $25*(eff. 8/5/11) |
| Medical Costs Fund | 730 ILCS 125/17 | $10 |
| Public Defender Reimbursement + | 725 ILCS 5/113-3.1(a) | |

**PROBATION CASES**

| | | |
|---|---|---|
| Probation Service fee (monthly) | 730 ILCS 5/5-6-3(i) | |
| Anti-Crime Fund^ | 730 ILCS 5/5-6-3(b)(12), (13) | |

**SUPERVISION CASES**

| | | |
|---|---|---|
| Anti-Crime Fund^ | 730 ILCS 5/5-6-3.1(c)(12), (13) | _____ |
| Mandatory Drug/Alcohol Testing fee | 730 ILCS 5/5-6-3.1(g) | _____ |

**DRUG RELATED OFFENSES**

| | | |
|---|---|---|
| Drug Street Value fine + | 730 ILCS 5/5-9-1.1(a) | _____ * |
| Meth Street Value fine + | 730 ILCS 5/5-9-1.1-5(a) | _____ * |
| Cont. Sub. Drug Assessment (Class X) | 720 ILCS 570/411.2(a)(1)/ | |
| Cannabis | 720 ILCS 550/10.3(a)(1) | $3,000 * |
| Cont. Sub. Drug Assessment (Class 1) | 720 ILCS 570/411.2(a)(2)/ | |
| Cannabis | 720 ILCS 550/10.3(a)(2) | $2,000 |
| Cont. Sub. Drug Assessment (Class 2) | 720 ILCS 570/411.2(a)(3)/ | |
| Cannabis | 720 ILCS 550/10.3(a)(3) | $1,000 * |
| Cont. Sub. Drug Assessment (Class 3 or 4) | 720 ILCS 570/411.2(a)(4)/ | |
| Cannabis | 720 ILCS 550/10.3(a)(4) | $500 * |
| Cont. Sub. Drug Assessment (Class A) | 720 ILCS 570/411.2(a)(5)/ | |
| Cannabis | 720 ILCS 550/10.3(a)(5) | $300 * |
| Cont. Sub. Drug Assessment (Class B or C) | 720 ILCS 570/411.2(a)(6)/ | |
| Cannabis | 720 ILCS 550/10.3(a)(6) | $200* |
| Drug Trauma Fund fine | 730 ILCS 5/5-9-1.1(b) | $100* |
| Drug Spinal Cord Injury fine | 730 ILCS 5/5-9-1.1(c) | $5 |
| Performance enhancing substance fund | 730 ILCS 5/5-9-1.1(d) | $50 |
| Drug Traffic Prevention Fund | 730 ILCS 5/5-9-1.1(e) | $25* |
| Drug Disposal Fund (eff. 1/1/12) | 730 ILCS 5/5-9-1.1(f) | $20* |
| Meth Law Enforcement fund fine | 730 ILCS 5/5-9-1.1-5(b) | $100* |
| TF/MEG Meth Assessment (eff. 1/1/10) | 730 ILCS 5/5-9-1.1-5(c) | $25* |
| Meth Drug Disposal Fund (eff. 1/1/12) | 730 ILCS 5/5-9-1.1-5(d) | $20* |
| Drug Lab Analysis fee | 730 ILCS 5/5-9-1.4(b) | $100 |
| Juvenile Delinquent Drug Lab Analysis fee | 730 ILCS 5/5-9-1.4(c) | $100 |
| Drug paraphernalia fine | 720 ILCS 600/3.5(a) | $750 |

**DUI CASES**

| | | |
|---|---|---|
| DUI Equipment Fund fine | 625 ILCS 5/11-501.01(f) | $750 |
| DUI Lab Analysis fee | 730 ILCS 5/5-9-1.9(b) | $150 |
| Juvenile Delinquent DUI Lab Analysis fee | 730 ILCS 5/5-9-1.9(c) | $150 |
| DUI Trauma Fund fine | 730 ILCS 5/5-9-1(c-5) | $100 |
| DUI Spinal Cord Injury fee | 730 ILCS 5/5-9-1(c-7) | $5 |
| Felony Traffic Driver's Ed fee | 625 ILCS 5/16-104a(a) | $4 for each $40 |
| Roadside Memorial Fund fee (eff. 8/25/09) | 730 ILCS 5/5-9-1.18 | $50* |

**OTHER CRIMINAL OFFENSES**

| | | |
|---|---|---|
| Theft & Deceptive Practices fine^ | 730 ILCS 5/5-9-1.3(a) | greater of $25,000 or 2 x property value |
| Offenses against local government/schools^ | 730 ILCS 5/5-9-1.3(b) | greater of $25,000 or treble value of prop |
| Domestic Violence fine | 730 ILCS 5/5-9-1.5 | $200* |
| Domestic Battery fine | 730 ILCS 5/5-9-1.6 | $10 |
| VOP fine (Family/Household Member) | 730 ILCS 5/5-9-1.11(a) | $20 |
| VOP fee (Surveillance Fund) | 730 ILCS 5/5-9-1.16(a) | $200 |
| Sexual Assault fine | 730 ILCS 5/5-9-1.7(b)(1) | $200* |
| Sex Offender fine | 730 ILCS 5/5-9-1.15(a) | $500 |
| HIV Test Costs fee (sex crimes) | 730 ILCS 5/5-5-3(h) | test costs |
| Child Pornography fine | 730 ILCS 5/5-9-1.14 | $500* |
| Certain weapons offenses Trauma Fund | 730 ILCS 5/5-9-1.10 | $100 |
| Arson fine | 730 ILCS 5/5-9-1.12(a) | $500 |

**TRAFFIC OFFENSES**

| | | |
|---|---|---|
| Statutory Surcharge | 730 ILCS 5/5-9-1(c) | $10 for each $40 |
| VCVA - crime after 7/1/12 | 725 ILCS 240/10(b)(2) | $50 |
| VCVA - earlier crimes (fines imposed) | 725 ILCS 240/10(b) | $4 for each $40 |
| VCVA - earlier crimes (no other fine) | 725 ILCS 240/10(c) | $20 or $25 |
| Serious Traffic Violation | 625 ILCS 5/16-104d | $35 (increase eff. 9/20/10) |
| Driver's Ed Fund | 625 ILCS 5/16-104a(a) | $4 for each $40 |
| Reckless Driving (first offense)^ eff. 7/1/10 | 625 ILCS 5/16-104a(b) | up to $100 per response agency |
| Reckless Driving (second or more)^ | 625 ILCS 5/16-104a(b) | up to $500 per response agency |

**OTHER POSSIBLE FINES APPROVED BY THE COUNTY BOARD**

| | | |
|---|---|---|
| Court System fee | 55 ILCS 5/5-1101(a) | $5-$30 |
| Guilty/Supervision fee (felony) | 55 ILCS 5/5-1101(c)(1) | $50* |
| Guilty/Supervision fee (Class A mis.) | 55 ILCS 5/5-1101(c)(2) | $25* |
| Guilty/Supervision fee (Class B or C mis.) | 55 ILCS 5/5-1101(c)(3) | $15* |
| 2nd or more DUI | 55 ILCS 5/5-1101(d) | $100* |
| Drug-Court/Mental-Health Assessment | 55 ILCS 5/5-1101(d-5) | $10* |
| Youth-Diversion/Peer-Court charge | 55 ILCS 5/5-1101(e) | up to $5* |
| Drug Court | 55 ILCS 5/5-1101(f) | up to $5* |
| Child Advocacy Center charge | 55 ILCS 5/5-1101(f-5) | $5-$30* |
| Court Services fee | 55 ILCS 5/5-1103 | ≤ $25 |
| State Police Operations Assistance Fund (if automation fee established) (eff. 7/13/10) | 705 ILCS 105/27.3a(1.5), (5) | |

**WHEN FINES/ FEES ARE NOT TIMELY PAID** (not part of the original sentencing judgment)

| | | |
|---|---|---|
| Late Fee^ | 725 ILCS 5/124A-10 | 5%-15% of unpaid amount |
| Collection Fee | 730 ILCS 5/5-9-3(e) | 30% of unpaid amount |