(No. 43134.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. WILLIAM ANDERSON, Appellant.

*Opinion filed November 24, 1971.*

GERALD W. GETTY, Public Defender, of Chicago, (MICHAEL WEININGER and JAMES J. DOHERTY, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Spring-field, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General; ROBERT A. NOVELLE and BRENT F. CARLSON, Assistant State's Attorneys; of counsel,) for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, William Anderson, appeals from the judgment of the circuit court of Cook County dismissing, without an evidentiary hearing, his amended petition filed under the provisions of the Post-Conviction Hearing Act. Ill.Rev.Stat. 1969, ch. 38, par. 122—1 *et seq.*

The record shows that petitioner and two other individuals were indicted on a charge of robbery. Petitioner was tried by jury and convicted. One co-defendant pleaded guilty and testified for the People at petitioner's trial. At the time of the trial the other co-defendant was a fugitive.

Petitioner's post-conviction petition, filed *pro se,* alleges that at the time of his trial the absent co-defendant was in custody in Detroit and that this was known to the People, but not to petitioner. Attached to the petition, as an exhibit, is a copy of a letter written by petitioner's trial counsel to the State's Attorney of Cook County in which it is stated that the absent defendant was in custody in Detroit for a month before petitioner's trial and was returned to Chicago a few weeks afterward. The letter contains the following statement: "His whereabouts was known to the police—and probably the State's Attorney's office but he was not available for the defense to cross-examine, to question or to examine for the defense of Mr. Anderson, the information of his availability having been suppressed and kept away from defense counsel for Anderson."

The record shows that the fugitive, upon being returned to Chicago, pleaded guilty to the robbery charge.

It is also alleged in the post-conviction petition that petitioner was sentenced to a much longer term than were the other defendants and that this severe punishment was imposed upon him as reprisal for having demanded a trial rather than pleading guilty to the charge.

The trial court appointed the public defender to represent petitioner and the matter, after several continuances, was set for hearing on the People's motion to dismiss. The assistant public defender who appeared for petitioner advised the court that the case was being handled by another assistant who was unable to be present at that time, that after examining the transcript and interviewing petitioner the public defender had found no constitutional issue of substance and wished to withdraw from the case. The court denied the motion and continued the hearing for one week.

At the continued hearing the assistant public defender referred to at the earlier hearing appeared and advised the court that he had found nothing to support petitioner's contention that the People withheld evidence, that the alleged severity of the sentence did not present a constitutional question, and requested leave to withdraw the petition. The court denied leave to withdraw the petition, allowed the People's motion to dismiss, entered judgment, and this appeal followed.

On appeal petitioner contends that the post-conviction petition contained an allegation of suppression of evidence favorable to petitioner, the allegation is supported by trial counsel's letter, and, although at the time of the hearing petitioner admittedly was unable to adduce evidence in support of the charge, the circuit court erred in denying his motion to withdraw the petition. He argues that since the effect of the order dismissing the petition is to bar any future relief under the Post-

Conviction Hearing Act the circuit court should have allowed his motion, thus enabling him to institute a subsequent proceeding when, hopefully, he could adduce the proof necessary to sustain his petition.

The record shows that at the time of the hearings the post-conviction petition had been pending for almost two years, that it had been set for hearing on the People's motion on several occasions, and that although the public defender had examined the transcript and interviewed petitioner he found no basis for amending the petition to allege a substantial denial of constitutional rights or evidence to support such an allegation. It appears further that the one week continuance following denial of the motion for leave to withdraw was granted for the purpose of giving the public defender a last opportunity to amend the petition and the circuit court stated at that time that at the continued hearing the matter would be "determined with finality."

The motion for leave to withdraw the petition was addressed to the sound discretion of the circuit court (Ill.Rev.Stat. 1969, ch. 38, par. 122–5) and upon this record we cannot say that in denying the motion the court abused its discretion. The record indicates a conscientious effort on the part of the public defender to find merit in petitioner's contentions but the transcript of the proceedings at the trial contains uncontroverted testimony that the police did not know the co-defendant's whereabouts at the time of trial. With respect to petitioner's contention based on the alleged disparity in sentence, the record shows that he was previously convicted of murder and a narcotics violation and was wanted in Michigan at the time the sentence complained of was imposed. The record contains no information about his co-defendants. Upon this record we do not reach the question of whether such alleged disparity can present a constitutional issue cognizable in a post-conviction proceeding. We find no basis for

538

reversal and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*