THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* CLARENCE KIRK, Petitioner-Appellant.

(No. 57146; 

First District—December 27, 1972.

Michael F. Borun, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Richard Jalovec, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

Clarence Kirk, hereinafter "petitioner," was convicted of the crime of murder and was sentenced to a term of fifteen years to thirty years in the penitentiary. On direct appeal the judgment of conviction was affirmed. (*People v. Kirk* (1966), 36 Ill.2d 292, 222 N.E.2d 498.) Petitioner thereafter filed a *pro se* petition pursuant to the Illinois Post-Conviction Hearing Act alleging a violation of his constitutional rights. (Ill. Rev. Stat. 1969, ch. 38, sec. 122—1 *et seq.*) The petition was dismissed and petitioner appealed to the Illinois Supreme Court which subsequently transferred the appeal to this court.

At the hearing on the State's motion to dismiss the petition, the assistant public defender appointed to represent petitioner stated in addition to the matter alleged in the petition of improper closing argument at trial, the petitioner had indicated in correspondence with counsel he also wished to raise an additional point of an allegedly coerced confession having been entered into evidence at trial. Petitioner's counsel then represented to the court that both questions were raised on the direct appeal of the conviction and made an oral motion for leave to withdraw, without prejudice, the petition because it presented no constitutional question. Petitioner's counsel also represented to the court another assistant public defender interviewed petitioner in jail and learned nothing that would indicate his constitutional rights were violated. The ground advanced by counsel for withdrawal of the petition was, although neither she nor the other assistant public defender could find a constitutional violation after a thorough review of the record and results of the interviews with petitioner, it was "possible" some lawyer

in the future might find a constitutional violation, and a dismissal of the present petition would jeopardize the filing of one in the future. The petition was dismissed on grounds of *res judicata* and failing to present a constitutional question.

Petitioner advances as grounds for reversal the denial of his motion to withdraw the petition was error in that the resultant dismissal of the petition will jeopardize the filing of another petition in the future in the event a constitutional violation is found.

Section 122—5 of the Criminal Code provides in part: "The court may in its discretion grant leave, at any stage of the proceeding prior to entry of judgment, to withdraw the petition." (Ill. Rev. Stat. 1969, ch. 38, sec. 122—5.) No cases have been cited, or found, interpreting or analyzing this section of the Post-Conviction Hearing Act.

The trial court heard the representations made by petitioner's counsel that he thoroughly reviewed the record of the trial; that he corresponded with petitioner as did another assistant public defender; that neither he nor the other counsel found any constitutional violation; and those matters raised by the petition and in the petitioner's interviews were already answered by the Supreme Court on the direct appeal. He requested permission to withdraw the petition rather than it be dismissed, because of the "possibility" some other lawyer would uncover a violation of petitioner's rights at trial of constitutional magnitude. The trial court properly exercised its discretion in denying petitioner's motion to withdraw and in allowing the State's motion to dismiss.

The cases cited by petitioner are not analogous to the case at bar: *People v. Morreale* (1952), 412 Ill. 528, 107 N.E.2d 721; *People v. Walston* (1967), 38 Ill.2d 39, 230 N.E.2d 233.

The further arguments raised by petitioner are not well taken: that the trial judge erroneously stated petitioner could raise new matters on appeal from the court's order, and petitioner's counsel did not argue the petition before it was dismissed. A review of the record involving both of these matters reveals the contrary to be true.

For these reasons the order is affirmed.

Order affirmed.

BURMAN and ADESKO, JJ., concur.