THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BARBARA WISOTZKE, Defendant-Appellant.

Second District   No. 2—89—0734

Opinion filed October 11, 1990.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and James E. Ryan, State's Attorney, of Wheaton (Robert J. Ruiz, Solicitor General, and Kathryn M. Frost and Terence M. Madsen, Assistant Attorneys General, of Chicago, and William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Barbara Wisotzke, was found guilty following a jury trial in the circuit court of Du Page County of the offenses of unlawful possession of more than 30 grams of a controlled substance (cocaine) (Ill. Rev. Stat. 1983, ch. 56½, par. 1402(a)(2)) and unlawful possession of more than 30 grams of a substance containing cannabis (Ill. Rev. Stat. 1983, ch. 56½, par. 704(d)). The trial court imposed concurrent sentences of three years' probation and 240 hours of public-service employment. The court also imposed a fine of $8,500 for the cocaine possession conviction and a fine of $66.75 for the cannabis possession conviction on defendant. The deputy circuit clerk filed a form calculating that defendant also was to pay, *inter alia*, a criminal surcharge of $860 and a victims-assistance fine of $860 on each offense.

At issue on appeal is: (1) whether the circuit clerk had the authority to impose the criminal surcharge and victims-assistance charge on defendant; (2) whether the victims-assistance charge should be calculated according to the statute in effect at the time the offenses were committed or by the statute in effect when defendant was sentenced;

(3) whether the criminal-surcharge statute allows the court to consider the defendant's ability to pay in fashioning the fine; and (4) whether the sentencing order for possession of cannabis should be amended to reflect a subsequent correction in the fine.

The criminal charges against defendant arose from the execution of a search warrant at the home of defendant's mother, Vivian Wisotzke, on the morning of December 5, 1984. Defendant also resided at her mother's home at this time. The search of the home produced 85.1 grams of a substance containing cocaine and 44.4 grams of a substance containing cannabis. Defendant and her mother were both charged with possession of more than 30 grams of a controlled substance with the intent to deliver (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(a)(2)) and possession of more than 30 grams of cannabis with the intent to deliver (Ill. Rev. Stat. 1983, ch. 56½, par. 705(d)). The record also indicates that defendant and her mother were charged with obstruction of justice, but the details of these charges are not contained in the record.

Defendant and her mother were tried jointly in front of a jury in April 1987. The jury returned verdicts of not guilty of the offenses with which defendant was charged, but it found defendant guilty of the lesser offenses of possession of a controlled substance and possession of cannabis. Defendant's mother was found guilty of all three offenses charged.

At defendant's June 29, 1987, sentencing hearing, Detective Dale Cuny of the Lombard police department testified regarding the street value of the cocaine and cannabis which defendant was convicted of possessing. Detective Cuny testified the street value of the cocaine was $8,500 and the street value of the cannabis was $66.75. The trial court announced its judgment that it would sentence defendant to three years' probation conditioned on drug counseling plus a $1,000 fine. The assistant Attorney General present at the sentencing hearing noted that the trial court was obliged to impose a street-value fine pursuant to section 5—9—1.1 of the Unified Code of Corrections (Code of Corrections) (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1.1). The trial court then modified the fine to $8,566.75, but it did not indicate which portion of the fine was allocable to each offense.

The sentencing orders issued the day of the sentencing hearing show that defendant was fined $8,566.75 for *each* of the offenses of which she was convicted. The sentencing orders also state that defendant was to pay statutory court costs. The record contains a form entitled "RECAP OF FINES, COSTS, FEES & PENALTIES" signed by a deputy circuit court which calculates the fines, costs, fees

and penalties assessed against defendant, and the following charges were listed under each of defendant's two convictions:

| | | |
|---|---:|---:|
| Fine | $ 8,566.75 | $ 8,566.75 |
| Court Costs | 40.00 | 40.00 |
| State's Attorney Fee | 30.00 | 30.00 |
| Criminal Surcharge | 860.00 | 860.00 |
| Victim Assistance | 860.00 | 860.00 |
| Bailiff Fund | $ 10.00 | $ 10.00 |
| Total due: | $10,366.75 | $10,366.75 |

Total amount due on all counts: $20,733.50.

It appears that the deputy circuit clerk relied on section 10 of the Violent Crimes Victims Assistance Act (Victims Assistance Act) (Ill. Rev. Stat. 1985, ch. 70, par. 510) and section 5—9—1(c) of the Code of Corrections (Ill. Rev. Stat., 1986 Supp., ch. 38, par. 1005—9—1(c)) in assessing the additional charges for "Victim's Assistance" and "Criminal Surcharge" (the additional charges).

Defendant filed a notice of appeal on June 29, 1987, but the notice of appeal was withdrawn on July 28, 1989. Defendant then filed a motion to reduce the fines and court costs. Defendant's motion claimed that the court's original fine was to apply only to the cocaine-possession conviction, but the sentencing orders indicated that a $8,566.75 fine was imposed for each offense. Defendant also contended that the circuit clerk was without authority to impose the additional charges for the criminal surcharge and victims-assistance fund. The trial court ordered that the fine imposed for defendant's cannabis-possession conviction be reduced to $66.75, determining that the greater fine listed earlier on the sentencing order was the result of a scrivener's error. The court did not address the propriety of the charges for "Criminal Surcharge" and "Victim's Assistance" which were assessed by the deputy circuit clerk, indicating that this issue should be decided on appeal.

On appeal, defendant first argues: (1) that the additional charges are fines which cannot be assessed by the circuit clerk acting without direction of the circuit court; and (2) that the victims-assistance charge must be calculated according to the statute in effect at the time the offenses were committed. The State responds that the additional charges are compensatory in nature and are actually "costs" and not fines. The State thus contends that: (1) because it is a cost and not a fine, the victims-assistance charge may be imposed if the statute authorizing it was in effect on the date of defendant's conviction; and (2) the sentencing orders' inclusion of "costs" is sufficiently

broad to include the additional charges at issue here.

The premise underlying the State's arguments is that the charges assessed under section 10 of the Victims Assistance Act and section 5—9—1(c) of the Code of Corrections are costs imposed incident to prosecution as opposed to fines. The State argues that the purpose behind both provisions is compensatory in that they are designed to benefit the victims of crimes.

■ Section 10 of the Victims Assistance Act provided, in pertinent part, at the time of the offenses in question, as follows:

"(b) When any person is convicted in Illinois after January 1, 1984 of an offense listed below, *the court* which enters the conviction *shall impose*, in addition to any other penalty authorized by law, *a fine* in accordance with the following schedule:

\*\*\*

(2) $20.00, for conviction of any other felony or misdemeanor, excluding any conservation offense." (Emphasis added.) Ill. Rev. Stat., 1984 Supp., ch. 70, par. 510(b).

Section 5—9—1(c) of the Code of Corrections provided, in pertinent part, at the time of the offenses in question, as follows:

"(c) Every fine imposed in sentencing for a criminal or traffic offense, except as offense relating to parking or registration, or offense by a pedestrian, *shall include* an amount payable to The Traffic and Criminal Conviction Surcharge Fund of the State Treasury in accordance with the following table:

| Amount of Fine | Amount of Penalty Assessment |
|---|---|
| Up to $59.99 | $4.00 |
| $60.00 to $79.99 | $6.00 |
| $80.00 to $99.99 | $8.00 |
| $100 or more | 10% of the total fine imposed |

Such amounts payable to such fund *shall be assessed by the court imposing the fine* and shall be collected by the Circuit Clerk in addition to the fine and costs in the case. The Circuit Clerk shall distribute such amount collected on behalf of The Traffic and Criminal Conviction Surcharge Fund in accordance with the provisions of Section 9.1 of the 'Illinois Police Training Act'." (Emphasis added.) Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—9—1(c).

■ We believe that the charges assessed under both provisions are fines and not costs. The allowance and recovery of costs, being unknown at the common law, rest entirely upon the statutory provisions authorizing such costs, and such provisions must be strictly construed. (*People v. Nicholls* (1978), 71 Ill. 2d 166, 173, 374 N.E.2d 194,

197.) The relevant authorizing statute in Illinois directs courts to assess against persons convicted of an offense "the costs of the prosecution." (Ill. Rev. Stat. 1983, ch. 38, par. 180—3.) The additional charges assessed in the instant case cannot be deemed "costs of the prosecution."

The Illinois Supreme Court has referred to a charge assessed under section 10 of the Victims Assistant Act as a "fine" which is "to be imposed by the judge at the same time other fines and penalties are imposed and are to be collected in the same manner as other fines." (*People v. Hare* (1988), 119 Ill. 2d 441, 451-52, 519 N.E.2d 879, 883.) Section 10(b) of the Victims Assistance Act expressly refers to the penalty to be imposed as a "fine." Similarly, section 5—9—1 of the Code of Corrections is entitled "Authorized Fines," and the fines assessed pursuant to this section are to be assessed by the court. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1.) It is clear that the additional charges at issue here are fines and not costs. Thus, the trial court's sentencing orders, which directed that defendant pay a specified fine plus "costs," did not explicitly or implicitly direct the circuit clerk to assess either a victims-assistance fine or a criminal surcharge. The assessment of such fines is a judicial function beyond the authority of the circuit clerk, so the cause must be remanded for proper imposition of the fines by the circuit court. See *People v. Scott* (1987), 152 Ill. App. 3d 868, 873, 505 N.E.2d 42, 46.

There remains, however, the question of whether, on remand, the victims-assistance fine must be calculated according to the statutory provision in effect on the date of the offenses, December 5, 1984, or by that in effect at the time of sentencing, June 29, 1987. The State argues that the fine may be assessed according to the provision in effect as of the date of conviction, but this argument is again based on the State's characterization of the victims-assistance charge as a "cost" rather than a "fine," a position we have already rejected. A fine constitutes a pecuniary punishment imposed on a person guilty of committing an offense. (*People ex rel. Mayfield v. City of Springfield* (1959), 16 Ill. 2d 609, 613-14, 158 N.E.2d 582; *Wilkes v. Deerfield-Bannockburn Fire Protection District* (1979), 80 Ill. App. 3d 327, 329, 399 N.E.2d 617, 619.) Imposition of a punishment greater than the one in effect when the crime was committed would constitute a violation of the prohibition against *ex post facto* laws found in both the Federal (U.S. Const., art. I, §10) and State (Ill. Const. 1970, art. I, §16) Constitutions. (*Tiller v. Klincar* (1990), 138 Ill. 2d 1, 7.) The parties do not dispute that the more recent version of the provision at issue here would impose a greater fine than the version of the

provision existing at the time of the offenses. Therefore, the victims-assistance fine must be assessed under the provisions in effect at the time the offenses were committed.

On December 5, 1984, the date of the offenses of which defendant was convicted, section 10 of the Victims Assistance Act provided that such convictions would incur victims-assistance fines of $20. (Ill. Rev. Stat., 1984 Supp., ch. 70, par. 510(b)(2).) Accordingly, the circuit clerk's calculation showing a victims-assistance charge of $860 for each offense was incorrect. Upon remand, the circuit court shall impose a victims-assistance charge of $20 on each conviction pursuant to section 10 of the Victims Assistance Act in effect on December 5, 1984.

■ Defendant also argues that, when the circuit court determines the amount of the criminal surcharge under section 5—9—1(c) of the Code of Corrections on remand, it will be within the court's discretion to consider defendant's ability to pay the criminal surcharge. Defendant's argument is based on subsection (d) of section 5—9—1, which states:

"(d) In determining the amount and method of payment of a fine, the court shall consider:

(1) the financial resources and future ability of the offender to pay the fine." Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—9—1(d).

Although section 5—9—1(d) clearly gives the circuit court discretion in imposing fines, we do not believe that this discretion extends to the imposition of the criminal surcharge on fines imposed under section 5—9—1(c). Subsections (a) and (b) of section 5—9—1 provide that the circuit court "may" impose fines for various offenses. (Ill. Rev. Stat., 1984 Supp., ch. 38, pars. 1005—9—1(a), (b).) Section 5—9—1(d) requires the circuit court to consider the offender's ability to pay when determining the amount of these discretionary fines. Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—9—1(d).

Section 5—9—1(c), on the other hand, specifically states that "[e]very fine imposed in sentencing for 'a criminal or traffic offense *** shall include" a criminal surcharge thereon. (Emphasis added.) (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—9—1(c).) Imposition of the criminal surcharge is, therefore, mandatory. (People v. Rader (1989), 183 Ill. App. 3d 92, 97-98, 538 N.E.2d 1197, 1201 (section 5—9—1(c) mandates that the surcharge shall be assessed on all fines imposed).) Thus, we conclude that consideration of the offender's ability to pay is only applicable to the underlying discretionary fines authorized by subsections (a) and (b) of section 5—9—1. The imposition of

the criminal surcharge is mandatory, and no consideration of the offender's ability to pay is required.

■ Finally, defendant contends that the sentencing orders should be corrected to reflect the scrivener's error whereby a $8,566.75 street-value fine was imposed for each offense. We agree, and we direct the circuit court to issue new sentencing orders to reflect, in addition to the other penalties and costs imposed, the following fines which should have been imposed on defendant's convictions:

|  | Cocaine Possession | Cannabis Possession |
| --- | --- | --- |
| Street-Value Fine | $8,500.00 | $ 66.75 |
| Criminal Surcharge | 850.00 | 6.00 |
| Victims Assistance | 20.00 | 20.00 |

The judgment of the circuit court is vacated in part, and the cause is remanded with directions.

Vacated in part and remanded with directions.

McLAREN and GEIGER, JJ., concur.