# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Butler, 2013 IL App (5th) 110282**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT A. BUTLER, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-11-0282 |
| Filed | February 6, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's claim for a credit, based on his presentencing incarceration, against the imposition of the fee for the Children's Advocacy Center was properly raised on appeal from the dismissal of his postconviction petition, notwithstanding the fact that the credit did not involve the denial of a constitutional right that is cognizable in proceedings under the Post-Conviction Hearing Act, since a claim for such a credit may be raised at any time and at any stage of court proceedings, and although labeled a "fee," it was a fine, because it did not compensate the State for prosecuting defendant; therefore, the mittimus was corrected to reflect a $30 credit. |
| Decision Under Review | Appeal from the Circuit Court of Wayne County, No. 10-CF-162; the Hon. Joe Harrison, Judge, presiding. |
| Judgment | Mittimus modified. |

Counsel on
Appeal

Michael J. Pelletier, Ellen J. Curry, and Lawrence J. O'Neill, all of State Appellate Defender's Office, of Mt. Vernon, for appellant.

David Williams, State's Attorney, of Fairfield (Patrick Delfino, Stephen E. Norris, and Sharon Shanahan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.

Presiding Justice Spomer and Justice Stewart concurred in the judgment and opinion.

**OPINION**

¶ 1    The instant case stems from a postconviction petition filed by defendant, Robert A. Butler. Defendant pled guilty to unlawful delivery of a controlled substance (720 ILCS 570/407(b)(3) (West 2010)). Pursuant to a negotiated plea, defendant was sentenced to five years in the Department of Corrections to be followed by two years of mandatory supervised release, awarded credit for time served from November 23, 2010, until March 3, 2011, and charged $291 in costs and fees, including a $30 Children's Advocacy Center fee. No postjudgment motion was filed.

¶ 2    On May 9, 2011, defendant filed a *pro se* postconviction petition in which he argued his sentence should be reduced because he was not sufficiently admonished about the two-year period of mandatory supervised release. The trial court dismissed the petition at the first stage, finding the allegations without merit. In this appeal, the only issue we are asked to address is whether defendant is entitled to a $5-a-day credit against the $30 Children's Advocacy Center fee (55 ILCS 5/5-1101(f-5) (West 2008)) imposed at sentencing.

¶ 3    Defendant argues that pursuant to section 110-14 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-14 (West 2008)), he is entitled to a $5-a-day credit against the $30 fee for the time he spent in jail awaiting his sentence. The State replies that defendant's argument does not raise a cognizable claim under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-8 (West 2008)) and asks us to deny defendant's request for a *per diem* monetary credit.

¶ 4    Section 110-14(a) of the Code provides that "[a]ny person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." 725 ILCS 5/110-14(a) (West 2008). According to section 110-14, the amount of the available credit is calculated by multiplying $5 by the number of days of incarceration.

-2-

725 ILCS 5/110-14(a) (West 2008). Section 110-14 specifies that this credit is available only against a "fine." A charge is a fine, even if the legislature labels it a fee, if it "does not seek to compensate the state for any costs incurred as the result of prosecuting the defendant." *People v. Jones*, 223 Ill. 2d 569, 600, 861 N.E.2d 967, 986 (2006). Thus, despite the label of a fee, the $30 for the Children's Advocacy Center is a "fine." *People v. Mimes*, 2011 IL App (1st) 082747, ¶ 84, 953 N.E.2d 55. While the State does not disagree, it insists that when a defendant appeals under the auspices of the Act, but raises no question thereunder and the only claim for relief is a *per diem* monetary credit, the appropriate remedy is correction of the mittimus by the trial court. We disagree.

¶ 5    In *People v. Caballero*, 228 Ill. 2d 79, 885 N.E.2d 1044 (2008), the defendant raised the issue of a *per diem* monetary credit under section 110-14 of the Code for the first time on appeal in postconviction proceedings. In that case, the State argued that the defendant's claim under section 110-14 involved a statutory right, not a constitutional right, and, thus, was not cognizable in a postconviction proceeding. 228 Ill. 2d at 83, 885 N.E.2d at 1046. Our supreme court disagreed, stating as follows:

> "While we hold that a claim for monetary credit under section 110-14 is a statutory claim and therefore not cognizable as a separate issue upon which to base relief under the Post-Conviction Hearing Act, we also hold that this statutory claim may be considered as an 'application of the defendant' made under the statute and may be raised at any time and at any stage of court proceedings, even on appeal in a postconviction proceeding. Accordingly, if, as in this case, the basis for granting the application of the defendant is clear and available from the record, the appellate court may, in the 'interests of an orderly administration of justice,' grant the relief requested." 228 Ill. 2d at 88, 885 N.E.2d at 1049.

This language is unequivocal and allows a defendant to raise a claim for monetary credit under section 110-14 at any time and at any stage of court proceedings, even, as here, on appeal from a postconviction proceeding.

¶ 6    Nevertheless, the State insists that *Caballero* is distinguishable from the instant case because *Caballero* included an issue based upon the Act. In *Caballero*, the defendant also asserted the trial court erred in dismissing his petition because it sufficiently alleged the gist of a constitutional claim of ineffective assistance of counsel. *Caballero*, 228 Ill. 2d at 82, 885 N.E.2d at 1045. The State also insists that the underlying policy of judicial economy supports its position because if a defendant can raise a statutory claim for a *per diem* monetary credit at any time, then it would behoove a defendant to raise the point in the circuit court where he or she can receive prompt relief, without the lengthy wait and use of judicial resources necessarily incurred in an appeal. We reject the State's arguments.

¶ 7    The State's argument that defendant is not entitled to relief because this is the only issue raised on appeal is not supported by *Caballero*, which specifically states that a defendant is allowed to raise a claim for a monetary credit even for the first time on appeal in a postconviction proceeding. Moreover, the State's argument for promoting judicial economy falls flat. In order to promote judicial economy, it simply makes no sense for us not to do what we are allowed to do. While defendant did not apply for a credit in the trial court, the

credit is mandatory and, relying on *Caballero*, we find defendant is permitted to make his request for the first time on appeal in a postconviction proceeding. Here, the record is clear that defendant spent more than enough days in presentence custody to give him a $30 credit against his Children's Advocacy Center fee.

¶ 8  For the foregoing reasons, we order the mittimus modified to reflect a $30 credit of the Children's Advocacy Center fee.

¶ 9  *Mittimus modified.*