2014 IL App (4th) 120564

NO. 4-12-0564

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| GREGORY CHESTER, | ) | No. 07CF1069 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert L. Freitag, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the judgment of the court, with opinion.
Presiding Justice Appleton and Justice Harris concurred in the judgment and opinion.

**OPINION**

¶ 1    On March 22, 2012, defendant, Gregory J. Chester, filed a *pro se* petition under the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 through 122-8 (West 2012)). Four days later, defendant moved to stay the postconviction proceedings to allow him time to add additional unspecified constitutional arguments he recently found. In his motion, defendant referenced section 122-5 of the Postconviction Act (725 ILCS 5/122-5 (West 2012)) and stated the trial court had the authority to allow petitioners to withdraw their petitions. In June 2012, the trial court dismissed defendant's petition, finding it frivolous and patently without merit. Defendant appeals, arguing (1) he had a right to withdraw his postconviction petition without prejudice during the first stage of postconviction proceedings; (2) the trial court abused its discretion by failing to rule on defendant's motion to stay before denying the postconviction petition; and (3) he is entitled to monetary credit against the Children's Advocacy Center fee and

drug court fee due to the time he spent in jail awaiting sentencing. We disagree with defendant's first and second arguments, vacate the fines referenced in his third argument as assessed by the circuit clerk, and remand with directions that the trial court impose mandatory fines and credit creditable fines as appropriate.

¶ 2                                    I. BACKGROUND

¶ 3            In July 2008, defendant was convicted of aggravated battery (McLean County case No. 07-CF-1069) and obstructing justice and resisting arrest (McLean County case No. 07-CF-797). The victim of aggravated battery was a Bloomington police officer who was driving a marked squad car and wearing his uniform at the time of the offense, October 6, 2007. *People v. Chester*, 409 Ill. App. 3d 442, 444, 949 N.E.2d 1111, 1113-14 (2011). The officer was in pursuit of the fleeing defendant when defendant battered him. See *Chester*, 409 Ill. App. 3d at 444, 949 N.E.2d at 1113-14. In October 2008, the trial court sentenced defendant to 12 years' imprisonment for aggravated battery, to be served consecutively to the 5-year term he received for obstructing justice and 364 days for resisting arrest. On direct appeal, defendant argued the State improperly commented during closing argument on his right not to testify and the trial court improperly failed to question jurors during *voir dire* pursuant to Illinois Supreme Court Rule 431(b) (eff. May 1, 2007). This court affirmed defendant's conviction and sentence. *Chester*, 409 Ill. App. 3d at 443-44, 949 N.E.2d at 1113.

¶ 4            On March 22, 2012, defendant filed his *pro se* petition for postconviction relief. He argued his constitutional rights were violated because, in part, (1) the police officer failed to provide evidence of a traffic violation and made a false statement in court; (2) the State, at trial, failed to prove "anything was broken or fracture[d]"; (3) a juror was familiar with a witness in the case and did not affirmatively state she could remain impartial; (4) another juror knew the trial

- 2 -

judge; (5) the trial court failed to comply with Illinois Supreme Court Rule 431(b) (eff. May 1, 2007); and (6) the State improperly commented, during closing argument, on his right not to testify.

¶ 5        On March 26, 2012, before the trial court ruled on his petition, defendant filed a "Motion to Stay Post-Conviction."   In his motion, defendant asked the court to "stay the original post-conviction or grant him an extension of time for at least 30 to 45 days."   Defendant asserted the court was authorized to suspend his petition and stated the court could "allow a defendant to withdraw an initial post-conviction petition" and he could "refile *** and have it treated as the original."   Defendant asserted, due to his limited library access, he "just found several constitutional violations" and needed time to place those arguments in his original petition.

¶ 6        On June 1, 2012, the trial court dismissed defendant's petition as frivolous and patently without merit.   The court concluded defendant's first four allegations of error were forfeited as they could have been raised on direct appeal but were not.   The court found the latter two allegations of error were raised on direct appeal and relitigation of those issues was barred by *res judicata*.   The court did not explicitly address defendant's motion to stay.

¶ 7        This appeal followed.

¶ 8                                II. ANALYSIS

¶ 9        A. Defendant Did Not Have the Right To Withdraw His Postconviction Petition

¶ 10        Defendant argues, under section 2-1009(a) of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-1009(a) (West 2012)) he had the absolute right to withdraw his postconviction petition.   Defendant maintains the language in section 122-5 of the Postconviction Act, stating "[t]he court may *in its discretion* grant leave, at any stage of the proceeding prior to entry of judgment, to withdraw the petition" (emphasis added) (725 ILCS 5/122-5 (West 2012)),

does not conflict with section 2-1009(a) in these circumstances. Defendant contends the quoted language from section 122-5 applies only after a trial court finds the petition not frivolous and patently without merit and then dockets the petition under section 122-2.1(b) "for further consideration in accordance with Sections 122-4 through 122-6" (725 ILCS 5/122-2.1(b) (West 2012)). Until that point, defendant urges, section 122-5's limiting language does not apply and, because the trial court had not dismissed or docketed his petition under section 122-2.1(b), he was entitled to voluntarily withdraw his petition under section 2-1009(a).

¶ 11    The State disputes defendant's contention the trial court should have treated defendant's "Motion to Stay Post-Conviction" as a motion to withdraw. The State points out defendant did not seek to withdraw his petition but instead sought a delay in the proceedings. Defendant counters he referenced the trial court's authority to grant a withdrawal in his *pro se* motion and contends the court should have treated it as such given his right to withdraw the petition before it was ruled upon. Whether defendant's motion should have been treated as a motion to withdraw or a motion to stay proceedings does not matter. We find defendant had no right to withdraw his postconviction petition absent court approval.

¶ 12    This issue presents a matter of statutory construction. Our main goal when construing a statute is to give effect to the legislature's intent. *People v. Glisson*, 202 Ill. 2d 499, 504, 782 N.E.2d 251, 255 (2002). We endeavor to apply the plain and ordinary meaning of the language of the statute. *Id.* When a statute is unambiguous, we may not add limitations, exceptions, or other conditions into the statute's provisions. *Id.* at 505, 782 N.E.2d at 255. This court should not read phrases in isolation, but must evaluate a statutory provision as a whole. *Id.*

¶ 13    Section 2-1009(a) of the Procedure Code authorizes, in civil cases, the voluntary withdrawal of an action. It provides the following: "The plaintiff may, at any time before trial or

- 4 -

hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice ***."   735 ILCS 5/2-1009(a) (West 2012).

¶ 14         While "postconviction proceedings are civil in nature" (*People v. English*, 2013 IL 112890, ¶ 14, 987 N.E.2d 371), proceedings under the Postconviction Act are *sui generis*. *People ex rel. Daley v. Fitzgerald*, 123 Ill. 2d 175, 181, 526 N.E.2d 131, 134 (1988).   Provisions of the Procedure Code may be applied to postconviction actions, so long as they do not conflict with provisions of the Postconviction Act.   *People v. English*, 381 Ill. App. 3d 906, 909-10, 885 N.E.2d 1214, 1217 (2008); see also 725 ILCS 5/122-5 (West 2012) ("The court may in its discretion make such order as to amendment of the petition or any other pleading, or as to pleading over, or filing further pleadings, or extending the time of filing any pleading other than the original petition, as shall be appropriate, just and reasonable and as is generally provided in *civil cases*." (Emphasis added.)).

¶ 15         The Postconviction Act offers "a remedy whereby defendants may challenge their convictions or sentences for violations of federal or state constitutional law."   *People v. Coleman*, 206 Ill. 2d 261, 277, 794 N.E.2d 275, 286 (2002).   It establishes a three-stage process by which a defendant may attain review of a claim his conviction led to a substantial denial of his constitutional rights.   *People v. Dopson*, 2011 IL App (4th) 100014,   ¶ 17, 958 N.E.2d 367 (2011).   In the first stage, a trial court considers whether the postconviction petition is frivolous or patently without merit.   *People v. Andrews*, 403 Ill. App. 3d 654, 658-59, 936 N.E.2d 648, 652 (2010). Any petition deemed frivolous and patently without merit must be dismissed.   725 ILCS 5/122-2.1(a)(2) (West 2008).   If the postconviction petition survives the first-stage review, it is docketed "for further consideration in accordance with Sections 122-4 through 122-6" (725 ILCS

5/122-2.1(b) (West 2012)).  At this stage, the second stage, counsel is appointed and the *pro se* petition may be amended.  *Andrews*, 403 Ill. App. 3d at 658, 936 N.E.2d at 653.  In addition, the State may answer the petition or seek its dismissal.  725 ILCS 5/122-5 (West 2012).  The proceedings advance to the third stage if the State answers the postconviction petition or the court denies the State's motion to dismiss.  At the third stage, the postconviction petitioner may submit evidence supporting his claim.  *Andrews*, 403 Ill. App. 3d at 658-59, 936 N.E.2d at 653; 725 ILCS 5/122-6 (West 2012).

¶ 16       Section 122-5 of the Postconviction Act addresses the issue of when a postconviction petition may be withdrawn or modified (725 ILCS 5/122-5 (West 2012)).  It states the following:

> "Proceedings on petition.  Within 30 days after the making of an order pursuant to subsection (b) of Section 122-2.1, or within such further time as the court may set, the State shall answer or move to dismiss.  In the event that a motion to dismiss is filed and denied, the State must file an answer within 20 days after such denial.  No other or further pleadings shall be filed except as the court may order on its own motion or on that of either party.  *The court may in its discretion grant leave, at any stage of the proceeding prior to entry of judgment, to withdraw the petition.*  The court may in its discretion make such order as to amendment of the petition or any other pleading, or as to pleading over, or filing further pleadings, or extending the time of filing any pleading other than the original petition, as shall be appropriate, just and reasonable and as is

- 6 -

generally provided in civil cases." (Emphasis added.) 725 ILCS 5/122-5 (West 2012)

¶ 17 Section 2-1009(a) of the Procedure Code and section 122-5 of the Postconviction Act treat withdrawals differently. While section 2-1009(a) allows plaintiffs the right to withdraw a complaint without court approval (735 ILCS 5/2-1009(a) (West 2012)), section 122-5 requires court approval before a petition may be withdrawn.

¶ 18 This presents the question of which section applies to defendant's petition. As stated above, defendant believes section 122-2.1(b) of the Postconviction Act (725 ILCS 5/122-2.1(b) (West 2012)) answers the question. Under section 122-2.1(a), a trial court must rule on a postconviction petition within 90 days on the issue of whether the petition is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2012). Under section 122-2.1(b), if a court finds the petition not frivolous and patently without merit, the petition is "to be docketed for further consideration in accordance with Sections 122-4 through 122-6." 725 ILCS 5/122-2.1(b) (West 2012). Defendant interprets this language to mean sections 122-4 through 122-6, which includes section 122-5's withdrawal language, apply only *after* a postconviction petition advances to the second stage. Defendant further points to the language of section 122-5 itself, which begins with reference to an order made pursuant to section 122-2.1(b). 725 ILCS 5/122-5 (West 2012). Defendant emphasizes the absence of paragraph breaks in section 122-5 shows the legislature's intent the entire section applies once the second stage of postconviction proceedings are triggered by an order pursuant to section 122-2.1(b). Because, defendant argues, his request to withdraw occurred during the first stage of proceedings, section 122-5 does not apply and the Procedure Code's section 2-1009(a) does.

¶ 19 In contrast, the State contends the plain language of section 122-5 shows it applies

to petitions in the first stage of postconviction proceedings. The State emphasizes the language within section 122-5 that a motion to withdraw may be granted "at any stage of the proceeding prior to entry of judgment." 725 ILCS 5/122-5 (West 2012).

¶ 20        While no published decision addresses the exact issue here, the Supreme Court of Illinois, as defendant acknowledges, concluded section 122-5 applies to first-stage dismissals. See *People v. Harris*, 224 Ill. 2d 115, 131, 862 N.E.2d 960, 970 (2007). This conclusion stems from an analysis of the justices' majority and dissenting opinions in *People v. Watson*, 187 Ill. 2d 448, 719 N.E.2d 719 (1999). In *Watson*, the court considered the issue of whether an amended postconviction petition restarted the 90-day period in which a trial court must consider whether a petition is frivolous or patently without merit. *Id.* at 450, 719 N.E.2d at 719. The majority ruled that it did without addressing the question of whether an original postconviction petition could be amended before it advanced to the second stage. *Id.* In a dissenting opinion, joined by no other justices, Justice Rathje stated the issue resolved by the majority should not have been addressed because the Postconviction "Act does not allow amended petitions at the initial stage of post-conviction proceedings." *Id.* at 456, 719 N.E.2d at 723 (Rathje, J., dissenting). Justice Rathje then set forth the same argument asserted by defendant here. *Id.* at 457, 719 N.E.2d at 723 (Rathje, J., dissenting).

¶ 21        In *Harris*, the unanimous court determined "the question of whether section 122-5 applies at the first stage was settled by *Watson*." *Harris*, 224 Ill. 2d at 131, 862 N.E.2d at 970. Before making this finding, the *Harris* court noted Justice Rathje's dissenting opinion in *Watson*, as well as the fact that no other justice joined in the dissent. *Id.* The court then followed up with another sentence showing its decision a trial court has discretion to allow a petition to be withdrawn at the first stage of postconviction proceedings: "We do not believe, however, that,

- 8 -

simply because the trial court has the discretion at the first stage to allow amendments to the petition, or to allow the petition to be withdrawn, or to allow the defendant to plead over, the trial court necessarily abuses that discretion by failing to dismiss the petition without prejudice when a direct appeal is pending." *Id.*

¶ 22　　　　Given the Illinois Supreme Court's decision in *Harris* finding the applicability of section 122-5 to the first stage "settled," we conclude defendant did not have an absolute right to withdraw his postconviction petition under section 2-1009(a) of the Procedure Code. Section 122-5 of the Postconviction Act applied to defendant's request.

¶ 23　　　　　　　　　　B. The Trial Court Did Not Abuse Its Discretion

¶ 24　　　　Defendant argues the trial court abused its discretion when it did not rule upon his motion. Defendant contends had the court denied his motion it would have been an abuse of discretion. He maintains, had he been given more time, he could have amended his postconviction claim the police officer lied in court by attaching affidavits, additional facts, or other proof.

¶ 25　　　　We find the trial court did not err in not explicitly ruling on defendant's motion. The *Harris* decision is instructive. In *Harris*, a postconviction petitioner argued the circuit court erred by not expressly ruling on the requests in his prayer for relief, which included a request for additional "time and leave to amend and/or supplement the petition." *Harris*, 224 Ill. 2d at 138-39, 862 N.E.2d at 974-75. The *Harris* court concluded the circuit court, when it entered the "final order summarily dismissing the petition as frivolous and patently without merit *** impliedly denied the requests in defendant's prayer for relief." *Harris*, 224 Ill. 2d at 139, 862 N.E.2d at 975. The final order in this case that summarily dismissed defendant's petition as frivolous and patently without merit implicitly denied defendant's request for a stay or withdrawal.

- 9 -

See *Harris*, 224 Ill. 2d at 139, 862 N.E.2d at 975.

¶ 26 The question, as in *Harris*, is whether the trial court abused its discretion to deny defendant's request for a stay or withdrawal. See *Harris*, 224 Ill. 2d at 139-40, 862 N.E.2d at 975. We find no abuse of discretion. Contrary to the arguments in his brief, defendant did not in his motion seek time to develop or find support for the arguments already contained in his postconviction petition. Instead, defendant requested time "to add additional arguments of a constitutional nature." He stated, due to his limited access to the library, he "ha[d] just found several constitutional violations." Defendant failed to list these allegedly newfound constitutional violations. Defendant had nearly four years to develop the constitutional arguments and yet made no attempt to describe the violations. The trial court did not abuse its discretion in denying defendant's request for additional time.

¶ 27 Defendant's cases are distinguishable. Both involve motions to withdraw that were denied and the denials were affirmed as proper exercises of discretion (see *People v. Anderson*, 49 Ill. 2d 534, 537-38, 276 N.E.2d 300, 302 (1971); *People v. Kirk*, 9 Ill. App. 3d 483, 485, 292 N.E.2d 510, 511 (1972)). Neither case supports the conclusion the trial court erred here.

¶ 28 C. Defendant is Not Entitled to a Credit against His Fines, Which Circuit Clerks Are Without Authority To Impose

¶ 29 Defendant next argues is entitled to credit for time spent in custody awaiting sentencing against two fines imposed on him: a "Children's Advocacy Center Fee" (CAC) of $15 and a "Drug Court Fee" of $10. Defendant asserts, according to *People v. Butler*, 2013 IL App (5th) 110282, ¶¶ 3-7, 983 N.E.2d 564, and *People v. Sulton*, 395 Ill. App. 3d 186, 188-89, 916 N.E.2d 642, 644-45 (2009), these "fees" are fines. Defendant alleges he spent 118 days in custody awaiting trial and was entitled to a credit of $5 for each day served ($590 in available

- 10 -

credit), amply offsetting the CAC and drug-court fines.   See 725 ILCS 5/110-14(a) (West 2008).

¶ 30        The State concedes defendant is entitled to credit for time spent in presentence custody against fines imposed on defendant, including the CAC and drug-court fines.   The State argues, however, defendant is not entitled to a credit of $25.   According to the State, section 110-7(f) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-7(f) (West 2008)) directs the court clerk to retain 10% of the bail amount paid by defendant as bail-bond costs.   The State emphasizes defendant posted $500 in bond, and the clerk of the court failed to assess the $50 mandated by section 110-7(f).   According to the State, the $25 defendant seeks should be allocated to the mandatory bond costs rather than be refunded.

¶ 31        We do not accept the State's concession defendant is entitled to credit for time spent in presentence custody against the CAC ($15) and drug-court fees ($10).   The record before us affords no indication the trial court imposed any fines orally at sentencing, in its docket entry, by the written sentencing judgment entered July 18, 2008, or by supplemental sentencing judgment. Defense counsel asserts by brief defendant was assessed these fines, citing the common-law record at 123.   This citation is to the circuit clerk's "notice to party," listing fines and court costs purportedly assessed against defendant in this case.    The circuit clerk's assessment and notice to the party, appended, is no substitute for the imposition of fines by the trial judge as part of the sentence.

¶ 32        This court has consistently held the circuit clerk does not have the power to impose fines.   *People v. Swank*, 344 Ill. App. 3d 738, 747-48, 800 N.E.2d 864, 871 (2003); *People v. Isaacson*, 409 Ill. App. 3d 1079, 1085, 950 N.E.2d 1183, 1189-90 (2011) (trial court expressly imposed a deoxyribonucleic acid (DNA) fine and a contribution to the Crime Detection Network and ordered defendant to pay whatever mandatory assessments, including the Violent Crime

Victims Assistance Fund (VCVA) fine, that were listed by the circuit clerk; the record contained no evidence the court itself determined the mandatory fines that applied to the defendant's conviction and the appropriate amounts of those fines; this court held the conditional discharge order erroneously abdicated that task to the clerk); *People v. Alghadi*, 2011 IL App (4th) 100012, ¶ 20, 960 N.E.2d 612 ("any fines imposed by the circuit clerk's office are void from their inception"); *People v. Williams*, 2013 IL App (4th) 120313, ¶ 16, 991 N.E.2d 914 ("such actions by the clerks flagrantly run contrary to the law").   We vacate the circuit clerk's imposition of these fines and remand to the trial court for reimposition of the mandatory fines.   *People v. Folks*, 406 Ill. App. 3d 300, 305, 943 N.E.2d 1128, 1132 (2010); 55 ILCS 5/5-1101(f-5) (West 2010) (where authorized by county ordinance, the Child Advocacy Center assessment is mandatory and a fine); 725 ILCS 240/10(b) (West 2010) (VCVA fine is $4 for each $40, or fraction thereof, of fine imposed); *People v. Allen*, 371 Ill. App. 3d 279, 285, 868 N.E.2d 297, 302-03 (2006) (vacating fines improperly imposed by the circuit clerk and remanding for the proper imposition by the trial court); *People v. Rohlfs*, 322 Ill. App. 3d 965, 971-72, 752 N.E.2d 499, 503-04 (2001); see also *Williams*, 2013 IL App (4th) 120313, 991 N.E.2d 914 (appendix) (referencing, *e.g.*, the court system fee (55 ILCS 5/5-1101(a) (West 2010)) as a fine, although not creditable).   In doing so, we encourage the trial court to review the reference sheet this court recently provided in *Williams*, 2013 IL App (4th) 120313, 991 N.E.2d 914 (appendix), to assist trial courts in ensuring the statutory fines and fees in criminal cases are properly imposed.

¶ 33        We note other reviewing courts have likewise held—some over 25 years ago—the circuit clerks lack authority to impose fines, which as a matter of law must be imposed by the trial court as part of the sentence ordered (730 ILCS 5/5-9-1 (West 2012)).   See, *e.g.*,   *People v. Scott*, 152 Ill. App. 3d 868, 873, 505 N.E.2d 42, 46 (1987) (Fifth District); *People v. Tarbill*, 142 Ill. App.

3d 1060, 1061, 492 N.E.2d 942 (1986) (Third District); *People v. Reed*, 160 Ill. App. 3d 606, 612, 513 N.E.2d 1193, 1197 (1987) (circuit clerk has no judicial powers and therefore cannot impose an unassessed VCVA fine as a miscellaneous cost); *People v. Wisotzke*, 204 Ill. App. 3d 44, 49-50, 561 N.E.2d N.E. 2d 1310, 1313 ( 1990) (Second District, quoting the Illinois Supreme Court in *People v. Hare*, 119 Ill. 2d 441, 451-52, 519 N.E.2d 879, 883 (1988), referring to a charge assessed under section 10 of the VCVA "as a 'fine'   which is   'to be imposed by the judge at the same time other fines and penalties are imposed and are to be collected in the same manner as other fines' "); *People v. Albert*, 243 Ill. App. 3d 23, 28, 611 N.E.2d 567, 570 (1993) (Second District) (circuit clerk lacked authority to impose the police training fee and cause must be remanded for proper imposition of the fines by the *court*).   These are just some of the published opinions addressing this subject.   See also 1991 Ill. Att'y Gen. Op.   No. 91-007 (penalties authorized by statute authorizing VCVA fines and by section 5-9-1 of Unified Code of Corrections must be imposed by the trial court; local court rules may not authorize the circuit clerk to impose the penalties as part of court costs).

¶ 34        Our Illinois Supreme Court has similarly held the circuit clerks are without authority to impose public defender fees.   *People v. Gutierrez*, 2012 IL 111590, ¶¶ 14 & n.1 ("we do not believe that the clerk's action in imposing an illegal fee should further burden the defendant"), 24 ("The circuit clerk had no authority to impose the public defender fee on its own ***."), 962 N.E.2d 437.   The *Gutierrez* court further stated: "Because defendant's notice of appeal properly brought up his entire conviction for review, the appellate court had jurisdiction to act on void orders of the circuit clerk. See *People v. Shaw*, 386 Ill. App. 3d 704, 710-11 [, 898 N.E.2d 755, 762] (2008) (just as a void order may be attacked at any time, appellate court could address forfeited argument that circuit clerk acted beyond its authority in imposing a fine)." *Id.* ¶ 14, 962

N.E.2d 437.

¶ 35        The parties before us fail to note these fines were not ordered by the trial court and simply address defendant's statutory *per diem* credit.   In future cases before this court, attorneys for the office of the State Appellate Defender and the office of the State's Attorneys Appellate Prosecutor are reminded to comply with Illinois Supreme Court Rule 341(h)(6) (eff. Feb. 6, 2013) and provide a statement of facts containing the facts necessary to understand the issues of the case. In appeals raising statutory credit issues, this requires the parties' briefs to contain a statement of facts identifying which specific fines the trial court identified and expressly imposed as part of the sentence─and which fines the circuit clerk simply assessed after sentencing and without bringing them to the judge's attention and having the judge sign off on them in a supplemental sentencing judgment─and providing appropriate citations to the record.   The parties may not agree to overlook or otherwise ignore the circuit clerk's imposition of fines not ordered by the trial court. In *People v. O'Laughlin*, 2012 IL App (4th) 110018, ¶ 28, 979 N.E.2d 1023, this court acknowledged the voluminous resources expended in trying to determine and assess the myriad fines and fees our legislature has created.   We also stated: "Nevertheless, we are bound to follow these legislative mandates." *Id*.   The circuit clerks may be the entity with the software to apply to this situation, and the circuit clerk may need to input the specific sentence imposed to have the software determine and assess the appropriate fines and fees; and the date of the offense(s) may not be a required input, leading in some cases to imposition on an *ex post facto* basis.   Complexities continue to arise because the legislature has required the imposition of more and more fines. Variables remain that require human analysis.   There is no software to answer every question or make any task automatic.   These facts do not change the overarching mandate running throughout the statutory provisions that sentence must be imposed by the trial judge and this task cannot be

delegated to the clerk; these matters must be brought back before the sentencing judge and reviewed and signed by that judge. The trial judge must fulfill that duty with assistance from the prosecution, the defense, and the circuit clerk. We need the above specificity from the parties to fulfill our duties on review.

¶ 36    We disagree with the State's argument on applying any such resulting credit to mandatory bond costs. The notice sent to defendant regarding fine and court costs includes a "Circuit Clerk Bond Fee" of $50, an amount equal to the 10% required to be assessed under section 110-7(f). While a citation to "705 ILCS 105/27.1" follows this fee on the notice, the fee could not have been authorized by that section as it was repealed in 2003. See Pub. Act 93-39, § 10 (eff. Jul. 1, 2003). It thus appears the $50 "Circuit Clerk Bond Fee," against which defendant's posted bond was applied, satisfies the section 110-7(f) mandate.

¶ 37    We vacate the circuit clerk's assessment of fines and remand with directions to the trial court to impose mandatory fines and direct credit applied to creditable fines as appropriate.

¶ 38    The cases cited regarding fines and fees repeatedly state the circuit clerk is without authority to impose fines. The cases seldom refer to the trial judge's abdication of his responsibility to impose fines as part of the sentencing process. Trial judges have the responsibility to impose a lawful sentence. The prosecution and defense have a duty to assist the court in doing so.

¶ 39                                        III. CONCLUSION

¶ 40    We vacate the circuit clerk's fine assessments and remand to the trial court with directions; we otherwise affirm. We grant the State its statutory assessment of $50 against defendant as costs of this appeal.

¶ 41    Affirmed in part and vacated in part; cause remanded.

- 15 -

**Felony Cost Sheet**
CLASS   1   2   3  ④

DEFENDANT KENT MONTAG
Case No. 09CF46 _____ Ct. _____
Charge AGGRAVATED DRIVING WHILE LICENSE REVOKED

BOND FEE   20- _____

Bond Posted $200 from 09 T216 96
Date _____

| | |
|---|---|
| CLERK FEE _____ | 80.00 |
| COURT FEE _____ | 50.00 |
| SECURITY FEE _____ | 25.00 |
| AUTOMATION FEE _____ | 12.50 |
| STATE'S ATTORNEY FEE _____ | 30.00 |
| DOCUMENT STORAGE _____ | 12.50 |
| ARESTEE MEDICAL _____ | 10.00 |
| SHERIFF'S FEE _____ | 20.00 |
| CHILD ADVOCACY FUND _____ | 5.00 |
| LUMP SUM SURCHARGE _____ | 130 |
| V.C. FEE _____ | 52 |

FINE _____ 500 _____

STATE POLICE DUI FUND _____        DRUG PARA. FINE _____
STATE POLICE LAB FEE _____        DRUG FINE _____
DUI LAB FEE _____        SEXUAL ASSAULT FINE _____
DRUG ASSESSMENT _____        DOMESTIC VIOLENCE _____
DOMESTIC BATTERY _____        CHILD PORN FINE _____
TRAUMA _____        DUI EQUIPMENT FINE _____
PROBATION FEE   300        DNA ANALYSIS   200
PUBLIC DEFENDER _____

**TOTAL COSTS** 753        **TOTAL FINES** 500
TOTAL COSTS AND FINES        1453
LESS BOND        -200
RESTITUTION
TOTAL OWED        1,253

| Date | Transaction | Debit | Credit | Balanced Owed |
|---|---|---|---|---|
| | | | | 1253- |
| 9-14-09 | | | 75- | 1178- |
| 10-15-09 | | | 75- | 1103- |
| 11-13-09 | | | 75- | 1028- |
| 12-15-09 | | | 75- | 953 |
| 1-15-10 | | | 75- | 878- |
| 2-16-10 | | | 75- | 803- |
| 3-16-10 | | | 75- | 728- |
| 4-15-10 | | | 75- | 653- |
| 5-17-10 | | | 75- | 578- |

Clerk of the Circuit Court 11th Judicial Circuit
_____ Illinois.

131

**Felony Cost Sheet**

CLASS 1 2 3 ④

DEFENDANT __MONTAG, KENT E.__

Case No. __11CF12_____ Ct. _____

Charge AGG. DRIVING WHILE LICENSE REVOKED

BOND FEE __15.00_____

Bond Posted_____

Date _____

| | |
|---|---|
| CLERK FEE | 80.00 |
| COURT FEE | 50.00 |
| SECURITY FEE | 25.00 |
| AUTOMATION FEE | 12.50 |
| STATE'S ATTORNEY FEE | 30.00 |
| DOCUMENT STORAGE | 12.50 |
| ARESTEE MEDICAL | 10.00 |
| SHERIFF'S FEE | 26.00 |
| CHILD ADVOCACY FUND | 5.00 |

LUMP SUM SURCHARGE _____ 266   FINE ___X_____

V.C. FEE __20_____

STATE POLICE DUI FUND _____        DRUG PARA. FINE _____

STATE POLICE LAB FEE _____        DRUG FINE _____

DUI LAB FEE _____        SEXUAL ASSAULT FINE _____

DRUG LAB FEE                DOMESTIC VIOLENCE_____

PES TESTING -CANNABIS / OTHER  50.00        CHILD PORN FINE_____

DRUG ASSESSMENT _____        DUI EQUIPMENT FINE_____   750 lst  1000 2nd

DOMESTIC BATTERY _____        DNA ANALYSIS_____

TRAUMA _____        STREET GANG $100 (95-5)

PROBATION FEE . _____        FIRE EQUIP FUND $500

PUBLIC DEFENDER _____

STATE POLICE O.P. _____  12.50

**TOTAL COSTS** __298.50__        **TOTAL FINES** ___X_____

TOTAL COSTS AND FINES   __298.50__

LESS BOND   __-150 (11TK239)__

RESTITUTION

TOTAL OWED   __148.50__

| Date | Transaction | Debit | Credit | Balanced Owed |
|---|---|---|---|---|

A true copy of the original on file in my office.
Attested to this 10th day of Jan. 20 13

*Carol J. Newton*

Clerk of the Circuit Court 11th Judicial Circuit
Woodford County, Illinois.

by.

DEPUTY CLERK

**Felony Cost Sheet**
CLASS    1    2    3    (4)

DEFENDANT MONTAG, KENT E.

Case No. 11CF45                    Ct._____

Charge AGG DRIVING WHILE LICENSE REVOKED

BOND FEE ____16.00____

Bond Posted _____

Date _____

CLERK FEE _____ 80.00
COURT FEE _____ 50.00
SECURITY FEE _____ 25.00
AUTOMATION FEE _____ 12.50
STATE'S ATTORNEY FEE ____ 30.00
DOCUMENT STORAGE _____ 12.50
ARESTEE MEDICAL _____ 10.00
SHERIFF'S FEE _____ 26.00 _____
CHILD ADVOCACY FUND _____ 5.00
LUMP SUM SURCHARGE _____ 2.6 FINE _____ X _____
V.C. FEE _____ 20
STATE POLICE DUI FUND _____      DRUG PARA. FINE _____
STATE POLICE LAB FEE _____      DRUG FINE _____
DUI LAB FEE _____      SEXUAL ASSAULT FINE _____
DRUG LAB FEE _____      DOMESTIC VIOLENCE _____
PES TESTING -CANNABIS / OTHER 50.00   CHILD PORN FINE _____
DRUG ASSESSMENT _____      DUI EQUIPMENT FINE _____ 750 lst 1000 2nd
DOMESTIC BATTERY _____      DNA ANALYSIS _____
TRAUMA _____      STREET GANG $100 (95-5)
PROBATION FEE _____      FIRE EQUIP FUND $500
PUBLIC DEFENDER _____
STATE POLICE O.P._____ 12.50

**TOTAL COSTS** ____299.50____

**TOTAL FINES** ____X____

TOTAL COSTS AND FINES ____299.50____
LESS BOND ____-160 (11TR967)____
RESTITUTION
TOTAL OWED ____139.50____

| Date | Transaction | Debit | Credit | Balanced Owed |
|------|-------------|-------|--------|---------------|

A true copy of the original on file
Attested to this ___ day of Jan 20 13

Clerk of the _____

DEPUTY CLERK